IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | NO. 3:22-cr-00282-02 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| CADE COTHREN | ) | |
| | ) | |

## **ORDER**

Pending before the Court is "Defendant's Motion for Issuance of Subpoenas Duces Tecum and Memorandum in Support." (Doc. No. 46, "Motion"). Via the Motion, Defendant requests that the Court authorize the issuance of subpoenas duces tecum to Verizon Communications, Inc. ("Verizon") and Confide, Inc. ("Confide") for pretrial production of personal telephone and messaging records associated with a potential trial witness. (Doc. No. 46 at 1, 5). The Government responded (Doc. No. 52, "Response") and does not oppose Defendant's request for a Rule 17 subpoena for the documents identified in his motion, nor does the Government object to the records being provided directly to defense counsel, provided that counsel discloses all subpoenaed materials to both the Government and co-Defendant Glen Casada. (*Id.* at 2). For the reasons stated below, the Motion will be **GRANTED**.

LEGAL STANDARD

Federal Rule of Criminal Procedure 17(c) authorizes the issuance of subpoenas duces tecum in federal criminal proceedings. A subpoena issued pursuant to this rule "may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c)(1). The rule further provides that "[t]he court may direct the witness to produce the designated items in court before trial or before they are to be offered into evidence."

*Id*. The court may also "permit the parties and their attorneys to inspect all or part of those items when they arrive." *Id*.

The Supreme Court has repeatedly emphasized that Rule 17(c) was not intended to expand the scope of discovery in criminal cases. *United States v. Nixon*, 418 U.S. 683, 698-99 (1974) (noting the rule's "chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials") (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)); *see also United States v. Llanez-Garcia*, 735 F.3d 483, 494 (6th Cir. 2013) ("Rule 17(c) is not meant to provide an additional way to secure pretrial discovery."). Thus, the moving party must satisfy the following four conditions before a Rule 17(c) subpoena will issue: (i) the documents are evidentiary and relevant; (ii) the documents are not otherwise procurable through the exercise of due diligence prior to trial; (iii) the party cannot properly prepare for trial without the pretrial production and inspection of the documents; and (iv) the application was made in good faith and is not a fishing expedition. *Nixon*, 418 U.S. at 699–700; *United States v. Hughes*, 895 F.2d 1135, 1146 (6th Cir. 1990) (same).

After consideration of the *Nixon* factors and the Government's lack of opposition to the Motion, the Court **GRANTS** the Defendant's Motion requesting the Court to authorize the issuance of subpoenas duces tecum pursuant to Rule 17(c). In accordance with Rule 17(c), the Clerk is **DIRECTED** to issue two subpoenas as follows:

(1) Verizon Communications, Inc., Attention: VSAT, via facsimile: 1-888-667-0028; is to provide all detailed records, including historical toll records, depicting any and all incoming and outgoing text messages and telephone calls, the duration of said calls, including attempted telephone calls, voicemails, any other available data, and billing records, for the time period beginning on February 1, 2019 through January 31, 2020

for the following telephone number: (931) XXX-XXXX,[1] along with a completed Affidavit of Custodian of Records;

(2) Confide, Inc., via certified mail to its agent: Teltech Systems, Inc., CT Corporation Systems, 28 Liberty Street, New York, New York 10005 is to provide all detailed records, including the following: subscriber information to include full legal name, date and time of account creation, phone number, home address, and email; all contacts associated with this account; data usage for this account; communication history including any and all incoming and outgoing messages with dates/times and the contents of such messages, if available; any other available information and billing records, for the time period beginning on February 1, 2019 through January 31, 2020 associated with the name Cameron Sexton and/or the phone number (931) XXX-XXXX, along with a completed Affidavit of Custodian Records.

The subpoenaed entities shall provide the responsive documents, along with a completed Affidavit of Custodian of Records, to Cynthia A. Sherwood, Attorney at Law, 414 Union Street, Suite 1110, Nashville, Tennessee, 37219 no later than July 30, 2023.[2]

Counsel for Defendant is responsible for service of the issued subpoenas, which shall be served along with a copy of this Order. Additionally, counsel for Defendant shall disclose all materials received as a result of the subpoenas to both the Government and co-Defendant Glen

---

[1] Although the telephone number is redacted from this Order, the non-redacted number was filed under seal at Doc. No. 47. On any issued subpoenas, the Clerk shall use the telephone number that was filed under seal.

[2] The Court is aware of "Rule 17(c)'s grant of discretion to the district court to supervise the subpoena process[.]" *United States v. Llanez-Garcia*, 735 F.3d 483, 499 (6th Cir. 2013). Here, the Court acquiesces in Defendant's proposed process, to which the Government does not object, of having the records sent directly to counsel for Defendant.

Casada. All materials produced by the subpoenaed entities are subject to the restrictions set forth in paragraphs 1-4 and 6 of the Protective Order (Doc. No. 23).

    IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE