UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:22-cr-00282 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| [2] CADE COTHREN | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT COTHREN'S EMERGENCY
MOTION TO QUASH SEARCH WARRANT AND FOR PROTECTIVE ORDER**

Defendant Cade Cothren moves to quash a search warrant for his cell phone in a separate matter, Case No. 24-MJ-1012, before Magistrate Judge Barbara D. Holmes. *See* Doc. Nos. 119, 120-2 at 1. Cothren's motion is misplaced. First, he cannot challenge the constitutionality of a search warrant with a motion to quash before law enforcement executes the warrant. Second, even if Cothren could challenge the search warrant at this stage in the proceedings, that challenge should be directed to the judicial officer who signed it. Finally, a warrant authorizing the government to search a defendant's electronic device following careful review by a filter team cannot properly be described as an "emergency" warranting exceptional treatment by this Court.

This Court has ordered the government to address "the undersigned district judge's authority to quash a search warrant issued by another judicial official in relation to a separate investigation into potential crimes not alleged in an indictment pending before the undersigned." Doc. No. 121. This Court should decline to quash the search warrant for multiple reasons. To begin, Cothren does not have standing to challenge a search warrant's constitutionality before it is executed. As the Supreme Court has explained:

> The Constitution protects property owners not by giving them license to engage the police in a debate over the basis for the warrant, but by interposing, *ex ante*, the 'deliberate, impartial judgment of a judicial officer . . . between the citizen and the police,' and by providing, *ex post*, a right to suppress evidence improperly obtained

and a cause of action for damages.

*United States v. Grubbs*, 547 U.S. 90, 99 (2006) (quoting *Wong Sun v. United States*, 371 U.S. 471, 481–82 (1963)).

In other words, once a magistrate determines that a search warrant is constitutionally adequate—like Judge Holmes did here—the property owner can challenge it only in "two discrete, *post-enforcement* settings: (1) a motion to suppress in a criminal case or (2) a damages claim under . . . *Bivens* . . . against the officers who conducted the search." *See Warshak v. United States*, 532 F.3d 521, 528 (6th Cir. 2008) (citation omitted). District courts have thus uniformly rejected pre-execution motions to quash a search warrant for lack of standing. *See, e.g.*, *Matter of Search of Info. Associated With One Email Acct. That is Stored at Premises Controlled by Google, Inc.*, No. 4:23-MJ-174, 2023 WL 4045243, at *3 (E.D. Tex. June 16, 2023) ("Movant does not have standing under the Fourth Amendment to file a motion to quash the Search Warrant."); *United States v. Richards*, No. 2:20-CR-182, 2020 WL 5893974, at *1 (D. Utah Oct. 5, 2020) (reasoning that a pre-execution motion to quash a search warrant was "premature" and unsupported by case law); *In re Search of Recs., Info., & Data Associated with 14 Email Addresses Controlled by Google, LLC*, 438 F. Supp. 3d 771, 776 (E.D. Mich. 2020) (holding that email account holders had "no standing to challenge" a search warrant for their emails because "the Fourth Amendment does not provide a chance to litigate the validity of a warrant before that warrant has been executed by the government" (internal quotation marks and citation omitted)).

Cothren appears to have mistakenly assumed that property owners can resist search warrants in the same way that subpoena recipients can resist subpoenas, "which are regularly challenged pre-execution." *See United States v. Info. Associated with Email Acct. (Warrant)*, 449

F. Supp. 3d 469, 475 (E.D. Pa. 2020). But he has cited no authority establishing that is true. *Cf. Richards*, 2020 WL 5893974, at *1 ("Ms. Richards has not cited any authority supporting the pre-execution quashing of the search warrant against her."). And courts treat the two kinds of process differently. *See In re Search of Elec. Commc'ns in the Acct. of chakafattah gmail.com at Internet Serv. Provider Google, Inc.*, 802 F.3d 516, 528 n.39 (3d Cir. 2015) ("A subpoena, of course, may be challenged prior to compliance. In stark contrast, a search warrant is properly challenged after it is executed."). Indeed, Federal Rule of Criminal Procedure 41—the rule governing search warrant procedure—permits a defendant to "move to suppress evidence in the court where the trial will occur." Fed. R. Crim. P. 41(h). But it does not provide for a motion to quash—even though the rules do so in the subpoena context. *See* Fed. R. Crim. P. 17(c)(2); *see also United States v. Crumpton*, No. 3:22-CR-00012, 2023 WL 3611554, at *2 (M.D. Ga. May 23, 2023) ("Rule 41 does not include Rule 17's language inviting a motion to quash or modify. To be sure, Rule 41 only allows for a motion to suppress evidence."). Cothren has no standing to bring his motion to quash the search warrant.

Even if Cothren could challenge the search warrant for his phone before execution, the challenge should be addressed to the magistrate judge who signed the warrant. That is the practice that property owners who receive search warrants have followed in other cases. *See, e.g.*, *Info. Associated with Email Acct. (Warrant)*, 449 F. Supp. 3d at 470, 475 (holding that petitioner, who initially brought a motion to quash before the magistrate judge who issued the warrant before attempting to "appeal" to the district court, did not have standing because a motion to suppress—not a motion to quash—was the appropriate remedy).

The Court also ordered the government to "address the emergency nature of the Motion."

3

Doc. No. 121. The Local Rules of this Court do not establish what qualifies as an "emergency." The only reference to emergency proceedings is within the context of an application for a temporary restraining order in a civil case, where the Rules describe the process for requesting an "emergency hearing . . . in connection with a motion for a TRO." M.D. Tenn. Local R. 65.01(d). The Rules state that "[a] motion for a TRO must be made in strict compliance with Fed. R. Civ. P. 65." *Id.* at 65.01(c). One of the requirements of Rule 65 is that the motion "describe the injury and state why it is irreparable." Fed. R. Civ. P. 65(b)(2).

Other courts describe emergency motions to include those relating to capital cases, stays of deportation, or that otherwise involve "an irreparable harm the party will suffer if ruling is not made by a certain date." *See* U.S. Court of Appeals for the Fifth Circuit, Guidance to Filing Emergency Motions/Petitions, https://www.ca5.uscourts.gov/docs/default-source/forms/guide-to-filing-emergency-motions.pdf*; see also* 6th Cir. R. 22(c)(4) (addressing procedures for emergency motions in death penalty cases). For the reasons stated above, the government's execution of a search warrant issued by a duly appointed Magistrate Judge of this District does not constitute an emergency. Unlike a capital case or a case involving deportation—where an *ex ante* remedy is often necessary to prevent irreparable harm—the law provides a defendant who is the subject of a search warrant the opportunity to pursue clear *ex post* remedies, including "a right to suppress evidence improperly obtained and a cause of action for damages." *Grubbs*, 547 U.S. at 99. Therefore, a warrant authorizing the government to search a defendant's electronic device following careful review by a filter team cannot properly be described as an "emergency" warranting exceptional treatment by this Court. *Cf. In re Grand Jury Subpoenas*, 454 F.3d 511, 522–23 (6th Cir. 2006) (recognizing that where the government obtained evidence "through the

4

exercise of a search warrant [as opposed to a subpoena] . . . the potentially-privileged documents are already in the government's possession, and so the use of the taint team to sift the wheat from the chaff constitutes an action respectful of, rather than injurious to, the protection of privilege").

Finally, in response to the Court's supplemental order, Doc. No. 122, the government proffers that, in an abundance of caution, no extractions of defendant Cothren's phone seized on January 30, 2024, have been conducted by the FBI, and the FBI will not perform any pending the February 5, 2024, telephonic conference. Furthermore, the government proffers that no government agent or attorney has reviewed the phone's contents prior to this filing.

## CONCLUSION

For the foregoing reasons, this Court should deny defendant Cothren's motion to quash.

Respectfully submitted,

| | |
|---|---|
| THOMAS JAWORSKI<br>Attorney for the United States<br>Middle District of Tennessee<br>Acting Under Authority Conferred by 28<br>U.S.C. § 515 | COREY R. AMUNDSON<br>Chief<br>Public Integrity Section<br><br>By: |
| By:<br><br>/s/ Amanda J. Klopf<br>AMANDA J. KLOPF<br>Assistant U.S. Attorney<br>110 Ninth Avenue South, Suite A-961<br>Nashville, TN 37203<br>(615) 736-5151<br>Email: amanda.klopf@usdoj.gov | /s/ John P. Taddei<br>JOHN P. TADDEI<br>BLAKE J. ELLISON<br>Trial Attorneys<br>1301 New York Ave. NW<br>Washington, DC 20530<br>(202) 514-3885<br>Email: john.taddei@usdoj.gov;<br>blake.ellison@usdoj.gov |

**CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing motion was electronically filed with the Clerk on February 2, 2024, and service was made upon all persons registered in that case via CM/ECF and/or by email.

                                                 /s/ John P. Taddei
                                                 JOHN P. TADDEI
                                                 Trial Attorney