> The motion (DE 145) is granted. From the face of the sealed document, it is clear that the interests in favor of sealing outweigh the legitimate interests of the public in accessing the sealed document.
> IT IS SO ORDERED.
> *Eli Richardson*

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:22-CR-00282 |
| **GLEN CASADA and** ) | District Judge Eli J. Richardson |
| **CADE COTHREN** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANT CADE COTHREN'S
## MOTION FOR LEAVE TO FILE UNDER SEAL AND EX PARTE

Comes now Defendant Cade Cothren, by and through undersigned counsel, and respectfully requests leave to file the following pleading under seal pursuant to Local Rule 5.03(a). In support of this Motion, Mr. Cothren would show the following:

1. Local Rule ("LR") 5.03(a) instructs a party seeking to file documents under seal to do so "in accordance with Section 5.07 of Administrative Order No. 167-1 (Administrative Practices and Procedures for Electronic Case Filing) and LR 7.01," which require the party to file a motion for leave to seal documents via the Court's Electronic Filing System. LR 5.03(a). "The motion for leave to seal […] must demonstrate compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons by specifically analyzing in detail, document by document, the propriety of secrecy, providing factual support and legal citations." *Id.*

2. From the face of the sealed document, it is clear that the interests in favor of sealing the document, including Mr. Cothren's interests in preserving the attorney-client privilege and his privacy, outweigh the legitimate interests of the public or the government in accessing the sealed document.