UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:22-cr-00282 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| [1] GLEN CASADA ) | |
| [2] CADE COTHREN ) | |

**GOVERNMENT'S RESPONSE TO ROBIN SMITH'S MOTION TO SUPPRESS**

Robin Smith asks to suppress potentially privileged materials. (*See* Smith's Mot. to Suppress, D.E. #158-1.) Specifically, she seeks an order that the government and the defense return or destroy a forensic image of her phone that may contain privileged communications. (*Id.* at 5–6.)

The government takes no position on Ms. Smith's claims of privilege. Whether or not Ms. Smith's privilege assertion is proper, the government is already complying with her requests to resolve her privilege concerns. It has stopped reviewing the original image of Ms. Smith's phone and has created a new, filtered image of the phone using search terms developed with Ms. Smith's attorneys. The government thus views Ms. Smith's motion as seeking relief primarily against the defendants, who have refused to return or destroy the original image of her phone.

Nevertheless, to ensure the Court is fully informed in assessing Ms. Smith's privilege claims, the government now offers its understanding of the relevant facts.

## FACTUAL SUMMARY

On January 8, 2021, FBI agents executed a search warrant for Ms. Smith's home. They seized, among other things, her cell phone, three laptops, and three iPads.[1]

---

[1] Pursuant to a separate October 2020 search warrant, the FBI also seized documents

Shortly after the search of Ms. Smith's home, her attorney Ben Rose notified the government that there may be attorney-client privileged communications on her electronic devices. (*See* Smith's Ex. A, D.E. #158-2.) The government agreed to filter Ms. Smith's devices for potentially privileged materials using the names and email addresses of attorneys who had represented her. (*See id.*) Mr. Rose provided those names and email addresses. (*Id.*) Based on the information that Mr. Rose provided, the government put a filter protocol in place.

In March 2022, Ms. Smith pled guilty and agreed to testify for the government in this case. She has since met with government counsel on several occasions to help her prepare for trial. During one meeting—likely on August 10, 2023—government counsel was showing Ms. Smith and her attorneys materials from her cell phone when they came across metadata indicating that the image they were viewing contained communications between Ms. Smith and Mr. Rose. Government counsel remarked that those communications should not be on the image of the phone. Ms. Smith's lawyers—Mr. Rose, David Bridgers, and Wells Trompeter—acknowledged seeing the metadata. Shortly after the meeting, the parties jointly moved to continue the trial (*see* Joint Mot. to Continue Trial, D.E. #74), and the Court granted the motion (*see* Order to Continue, D.E. #79.)

Government counsel and Ms. Smith's attorneys did not discuss the potential attorney-client communications on her phone again until July 2024. In anticipation of the current trial date of November 6, 2024, the government was reviewing its evidence to ensure it was complying with its discovery obligations when government counsel remembered the August 2023 meeting. On July 10, government counsel called Mr. Bridgers to discuss the possibility of privileged

---

associated with an email account controlled by Ms. Smith.

communications being on Ms. Smith's phone and confer about what corrective action would be appropriate. Government counsel advised Mr. Bridgers that the defendants had likely received an unfiltered image of Ms. Smith's phone.

The next day, government counsel confirmed with the FBI that Ms. Smith's phone was never filtered and that the defendants received an unfiltered image. Government counsel then called Mr. Bridgers again to notify him. During that call and in a subsequent email, the government agreed to perform a filter of Ms. Smith's phone using the attorney names and email addresses that Mr. Rose had provided after the phone's seizure. In a call and an email on July 25, Mr. Rose provided additional information regarding the potentially privileged communications to incorporate into the filter.

On July 26, government counsel emailed defense counsel to alert them that the disclosed image of Ms. Smith's phone contained attorney-client communications, inform them that the government would reproduce a filtered image to the defense, and ask them to stop reviewing the unfiltered phone image. (*See* Smith's Ex. B at 8, D.E. #158-3.) Defense counsel promptly confirmed that they stopped reviewing Ms. Smith's phone. (*Id.* at 7–8.) On July 31, government counsel emailed defense counsel explaining that the government would produce a new image of Ms. Smith's phone using a list of filter keywords that it developed with Ms. Smith's attorneys. (*Id.* at 7.)

That same day, Mr. Bridgers emailed defense counsel asking that they return their image of Ms. Smith's phone. (*Id.* at 6.) Defense counsel replied that they would not return the image because they were investigating the possibility of waiver. (*Id.* at 4–5.) On August 1, government counsel emailed defense counsel requesting that they return their images of Ms. Smith's phone

3

pursuant to paragraph 4 of the protective order in this case. (*Id.* at 2.) That paragraph provides: "At the request of the government, the defendant shall return all copies of material that was inadvertently produced in discovery." (Protective Order ¶ 4, D.E. #23.) On August 5, defense counsel responded that they would not return their images of Ms. Smith's phone. (Smith's Ex. B at 1.) They questioned whether the disclosure could be considered "inadvertent" if a now-waived privilege was the basis for the government's request. (*Id.*) Ms. Smith filed her motions to intervene and suppress the same day.

In an email on August 7, Mr. Rose emailed government and defense counsel to clarify that Ms. Smith's privilege claims extended to all attorney-client communications.[2] Government counsel thus instructed the FBI to stop reviewing the images of Ms. Smith's other electronic devices and her email account. After consulting with Ms. Smith's attorneys, the government agreed to filter all her electronic devices and her email account using the same keywords it was using to filter her phone. It estimates that the filter may take several weeks because the process for imaging and filtering laptops is more complicated than the same process for phones and iPads.

The filter of Ms. Smith's phone is now complete. On August 16, Ms. Smith's attorneys informed the government that they reviewed the filtered image of her phone and determined that the filter captured (and thus excluded) the communications she claims are privileged. Government counsel has notified defense counsel that copies of the filtered image are available for their use.

---

[2] In light of this email, the government anticipates that Ms. Smith may supplement her motion to suppress to request that the government and defense return or destroy the forensic images of each of her devices that may contain privileged communications, as well as her email account. The government would take no position on such a request for relief.

4

## CONCLUSION

The government takes no position on Ms. Smith's motion to suppress. It files this response only to supply additional facts that may help the Court adjudicate her privilege claims.

Respectfully submitted,

| | |
|---|---|
| THOMAS JAWORSKI<br>Attorney for the United States<br>Middle District of Tennessee<br>Acting Under Authority Conferred by 28<br>U.S.C. § 515 | COREY R. AMUNDSON<br>Chief<br>Public Integrity Section<br><br>By: |
| By:<br><br>/s/ Taylor J. Phillips<br>TAYLOR J. PHILLIPS<br>Assistant U.S. Attorney<br>719 Church Street, Suite 3300 Nashville,<br>TN 37203<br>(615) 736-5151<br>Email: taylor.phillips@usdoj.gov | /s/ John P. Taddei<br>JOHN P. TADDEI<br>BLAKE J. ELLISON<br>Trial Attorneys<br>1301 New York Ave. NW<br>Washington, DC 20530<br>(202) 514-3885<br>Emails: john.taddei@usdoj.gov;<br>blake.ellison@usdoj.gov |