# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:22-CR-00282 |
| GLEN CASADA and ) | District Judge Eli J. Richardson |
| CADE COTHREN ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT CADE COTHREN'S MOTION TO CONTINUE TRIAL

Comes now Defendant Cade Cothren, by and through undersigned counsel, and respectfully moves this Court to continue the November 6, 2024 trial and to extend current pretrial deadlines, including the deadlines set by the Agreed Scheduling Order (Doc. No. 155). In support, Mr. Cothren would show that his and his counsel's ability to prepare for trial have been negatively impacted (read: prejudiced) by the government's mistaken disclosure of Robin Smith's attorney-client privileged communications contained on seven devices and Ms. Smith's email account in three productions over the past two years. Mr. Cothren's trial preparation has been significantly impeded and prejudiced by his counsel's lack of access to Ms. Smith's devices and email beginning in late July 2024 and continuing to this day (33 days before trial), along with the time and resources that have been diverted away from other trial preparation to rectify the government's error.

As of this filing, Mr. Cothren still does not have an unfiltered version of six of Ms. Smith's devices and her email account and does not know when he will receive the unfiltered discovery. When Mr. Cothren receives the filtered devices and email, they will need to be sent out of state for processing and returned to defense counsel. Mr. Cothren will need to recreate any work product related to those extractions.

On July 26, 2024, Assistant United States Attorney Taylor Phillips informed defense counsel via email that Ms. Smith's phone image, which the government produced to defense counsel on September 6, 2022, contained attorney-client privileged communications that were not filtered by the U.S. Attorney's Office before being produced to the prosecution team or defense. ASUA Phillips requested that defense counsel cease review of Ms. Smith's entire phone. Undersigned counsel immediately notified the government that they would comply with the request and cease review.

Intervenor's counsel later requested a return of the phone extraction and on August 5, 2024, undersigned counsel reiterated they had stopped review of Ms. Smith's phone but did not have enough information to assess a potential privilege waiver to return the phone at that time.

On August 5, 2024, Ms. Smith "move[d] to intervene in this matter for the limited purpose of filing a motion to suppress documents protected by the attorney-client privilege and work product doctrine." Doc. No. 158 at p. 1. Neither party objected to Ms. Smith's motion, and the Court granted Ms. Smith's Motion to Intervene on August 16, 2024. Doc. No. 159. The Clerk then entered Ms. Smith's Motion to Suppress. Doc. No. 160.

On August 9, 2024, the government advised defense counsel that six other devices associated with Ms. Smith (produced to defense counsel on December 4, 2023), and the subpoena production of Ms. Smith's email account (produced to defense counsel on August 4, 2023), were also unfiltered and contained attorney-client privileged communications. The government requested defense counsel cease review of the six additional devices and subpoena production.

On August 13, 2024, defense counsel informed the government that its request to stop reviewing all of the items associated with Ms. Smith, the government's main cooperator, was unduly burdensome given the impending trial date and Ms. Smith's significant role at trial. Though

undersigned counsel ceased review of the six devices associated with Ms. Smith, her email account data was uploaded and commingled with thousands of other documents in Mr. Cothren's discovery review platform.[1] In order to continue preparing for trial, undersigned counsel was not able to cease its search and review on its document review platform. Undersigned counsel continued to conduct <u>targeted</u> searches with terms applicable to this matter on its document review platform, though it did so with great restraint given that Ms. Smith's emails from this subpoena production remained in the searchable set.

On September 4, 2024, however, undersigned counsel's office attempted to conduct a review of the subpoena production of Ms. Smith's account in the course of their document review for trial preparation and identified an email with the parties identified in Ms. Smith's Motion to Suppress as a possible attorney-client privileged communication. *See* Doc. No. 160. Undersigned counsel can neither identify the substance of the email nor any other identifying factors than the parties. Since this date, undersigned counsel has only viewed a certain, limited number of documents from this subpoena production, all of which had been tagged and segregated before the current incident regarding privileged communications arose. Undersigned counsel can also verify to the Court that these documents are not covered by attorney-client privilege, nor do they involve the parties, terms, or subject associated with the attorney-client privileged communications described in Ms. Smith's Motion to Suppress. *See* Doc. No. 160.

---

[1] For further clarification for the Court, Mr. Cothren uses device extraction readers, such as Cellebrite and Magnet Axiom, and a document review platform to conduct discovery review. The government has produced 24 device extractions to defense counsel, which Mr. Cothren reviews on device extraction readers. The remainder of the government's productions, including documents, audiotapes, and video recordings, are housed on a document review platform. This platform allows undersigned counsel to conduct keyword searches, create electronic binders, and piece together a "story" of the documents.

Thus, undersigned counsel has neither been able to review the seven devices nor the subpoena production of Ms. Smith's email account in their entirety since July 26, 2024. The issue has still not been resolved. The government provided Mr. Cothren a copy of Ms. Smith's filtered phone on September 10, 2024. The government still has not provided a copy of the filtered email account nor filtered copies of the other 6 devices. The government provided a copy of that discovery to intervenor's counsel on October 1, 2024 for their privilege review. It is now October 3, 2024 and the trial date is November 6, 2024.

On September 26, 2024, the parties attended a telephonic conference at which the Court ordered defense counsel to refrain from reviewing any of Ms. Smith's devices, including the email account production. Though the Court granted Ms. Smith's Motion, an order has not yet been entered. A follow-up telephonic conference is set for October 3, 2024, at 5:00 p.m. to discuss an appropriate and efficient remedy to ensure Ms. Smith's attorney-client privileged communications are protected. However, there is no remedy or cure for the prejudice that has already resulted from the delays and distraction associated with the government's error.

During this same time period, on September 24, 2024, Mr. Cothren received the government's tenth discovery production containing over ten thousand pages. On the same day, the government filed a sealed motion for an *in camera* review, which Mr. Cothren will oppose. Undersigned counsel has not been able to adequately address either of those issues, let alone focus on trial preparation, due to the time spent addressing the government's failure to properly filter Ms. Smith's attorney-client privileged communications.

To effectively defend Mr. Cothren at trial, undersigned counsel needs ample time to review all of Ms. Smith's accounts and devices in the months leading up to trial. While undersigned counsel has been in possession of the unfiltered versions of Ms. Smith's devices from anywhere

between two years and six months, there have been multiple trial continuances, voluminous discovery productions by the government, and an ancillary sealed proceeding that have all occupied counsel's time and attention during that time period. Further, Mr. Cothren did not have the benefit of witness interviews and other information that have come to light since he initially received the devices and the subpoena production at issue. In sum, undersigned counsel's review of the government cooperator's devices and data is drastically different 100 days out from trial.

Additionally, undersigned counsel has now spent dozens of hours litigating Ms. Smith's Motion to Suppress, consulting experts, and conferring with Ms. Smith's counsel and the government regarding this issue and its remedy. Mr. Cothren would have much preferred to spend that time preparing for his impending trial.

Undersigned counsel has conferred with Assistant United States Attorney Taylor Phillips who states that the government does not oppose a brief continuance but would "plan to ask for December or January dates" should the trial be continued.

For all of the above reasons, Mr. Cothren respectfully requests this Court enter an Order continuing the November 6, 2024 trial and to extend pretrial deadlines, including the deadlines set by the Agreed Scheduling Order (Doc. No. 155), in this case. This request is grounded in Mr. Cothren's constitutional rights to due process, a fair trial, and effective assistance of counsel.

Mr. Cothren will file a Waiver of Speedy Trial.

Respectfully Submitted,

**Sherwood Boutique Litigation, PLC**

/s/ Cynthia A. Sherwood
Cynthia A. Sherwood, #20911
Austin M. Correll, #39561
414 Union Street
Suite 1110
Nashville, TN 37219
T: 615-873-5670
F: 615-900-2312
cynthia@sherwoodlitigation.com
austin@sherwoodlitigation.com
*Counsel for Defendant Cade Cothren*

**Barnes & Thornburg LLP**

/s/ Joy Boyd Longnecker
Joy Boyd Longnecker, #29627
1600 West End Avenue
Suite 800
Nashville, TN 37203
T: 615-621-6012
joy.longnecker@btlaw.com
*Counsel for Defendant Cade Cothren*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing motion was electronically filed with the Clerk on October 3, 2024, and service was made upon all persons registered in that case via CM/ECF and/or by email.

Edward M. Yarbrough
Jonathan P. Farmer
Steven C. Fann
Spencer Fane LLP
511 Union Street
Suite 1000
Nashville, TN 37219
eyarbrough@spencerfane.com

Ben M. Rose (TN BPR No. 21254)
RoseFirm, PLLC
Post Office Box 1108
Brentwood, Tennessee 37024
ben@rosefirm.com

John P. Taddei
U.S. Department of Justice
Public Integrity Section
1301 New York Ave. NW
Ste 10th Floor
Washington, DC 20530
john.taddei@usdoj.gov

Taylor J. Phillips
U.S. Attorney's Office
719 Church Street
Suite 3300
Nashville, TN 37203
taylor.phillips@usdoj.gov

Blake J. Ellison
Public Integrity Section
Criminal Division
U.S. Department of Justice
1301 New York Ave. NW, 10th Fl.
Washington, DC 20530
blake.ellison@usdoj.gov

W. David Bridgers
L. Wells Trompeter
Holland & Knight LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
david.bridgers@hklaw.com
wells.trompeter@hklaw.com

/s/ Cynthia A. Sherwood