IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:22-cr-00282 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| GLEN CASADA and | ) | |
| CADE COTHREN | ) | |

**RESPONSE IN OPPOSITION TO JOINT MOTION TO ALLOW THE ADMISSION OF EVIDENCE DURING CROSS-EXAMINATION OF GOVERNMENT WITNESSES PURSUANT TO FEDERAL RULE OF EVIDENCE 611**

The United States, by and through its undersigned attorneys, submits this response in opposition to Defendants' Joint Motion to Allow the Admission of Evidence During Cross-Examination of Government Witnesses Pursuant to Federal Rule of Evidence 611. (D.E. #274, the "Rule 611 Motion.") Under Rule 611, this Court has broad discretion to prohibit Defendants' introduction of case-in-chief exhibits through government witnesses. Because nothing in Defendants' Rule 611 Motion warrants departing from this Court's usual practice, the motion should be denied.

**LEGAL STANDARD**

Federal Rule of Evidence 611(a) directs courts to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence." These "broad terms" set forth the "power and obligation of the judge as developed under common law principles." FED. R. EVID. 611, Advisory Committee's Note, 1972 Proposed Rules, Note to Subdivision (a). As a result, the Court has broad discretion to conduct an orderly trial and to ensure that the jury receives evidence in a manner effective for the determination of truth: "Under Rule 611, a trial judge has considerable discretion and a judge's ruling will not be the basis for reversal of a criminal conviction unless a

defendant's substantial rights are affected." *United States v. Moore*, 917 F.2d 215, 222 (6th Cir. 1990).

Unless allowed by the court, "[c]ross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility." FED. R. EVID. 611(b). The rule reflects the House of Representatives' reversal of an initial, broader proposal that would have permitted "cross-examination on any matter relevant to any issue in the case" unless limited by the court. *See* FED. R. EVID. 611, Advisory Committee's Note, 1974 Enactment, Note to Subdivision (b); *cf.* TENN. R. EVID. 611(b) ("A witness may be cross-examined on any matter relevant to any issue in the case, including credibility, except as provided in paragraph (c)(2) . . . .").

Accordingly, courts often prohibit defendants from introducing case-in-chief exhibits during their cross-examination of government witnesses. *See, e.g.*, *United States v. Stadtmauer*, 620 F.3d 238, 272 (3d Cir. 2010) (affirming district court's exclusion of documents during cross-examination "because they were 'case-in-chief materials' rather than 'impeachment materials'"); *United States v. Hall*, 165 F.3d 1095, 1117 (7th Cir. 1999) (affirming district court's exclusion of photo during cross-examination, because he was "free to introduce this picture during his own case-in-chief"); *United States v. Lambert*, 580 F.2d 740, 747–48 & n.7 (5th Cir. 1978) ("Our review of the record, which discloses proffers of voluminous documentary evidence, leads us to the conclusion that the district judge properly controlled the flow of the trial under" Rule 611 by requiring the defendant to introduce defense evidence during his own case.); *see also Padgett v. State*, 53 So. 2d 106, 109 (Fla. 1951) ("Ordinarily it is improper to permit the introduction of exhibits during cross-examination.").

Although defendants have a constitutional right to cross-examine witnesses, that right is not unbounded. "On the contrary, trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on . . . cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986); *see also United States v. Varella*, 692 F.2d 1352, 1355 (11th Cir. 1982) ("[T]he right to cross-examine a witness . . . is not unlimited, and the extent of cross-examination is committed to the sound discretion of the trial court."). "The key issue is whether the jury had enough information to assess the defense's theory of the case despite the limits placed on cross-examination"—in particular with respect to "a witness's credibility, motives, or possible biases." *See United States v. Callahan*, 801 F.3d 606, 624 (6th Cir. 2015) (citations omitted); *see also United States v. Boylan*, 898 F.2d 230, 254 (1st Cir. 1990) ("Defendants cannot run roughshod, doing precisely as they please simply because cross-examination is underway. So long as a reasonably complete picture of the witness's veracity, bias, and motivation is developed, the judge enjoys power and discretion to set appropriate boundaries."). The Sixth Circuit thus reviews limitations on the scope of cross-examination only for abuse of discretion. *United States v. Ralston*, 110 F.4th 909, 916 (6th Cir. 2024).

**ARGUMENT**

As a threshold matter, the government does not contend that Defendants cannot admit *any* evidence during cross-examination of the government's witnesses.[1] (*Cf.* Rule 611 Motion, at 2.)

---

[1] To resolve these issues efficiently—rather than potentially delay the trial as they are raised for the first time exhibit by exhibit—the government will consider agreeing to let Defendants introduce some exhibits during its case-in-chief, so long as Defendants identify the exhibits for the government's review reasonably in advance of trial. The government proposed this course of action to the defense on September 20, 2024, but Defendants never responded.

3

Nor does the government oppose Defendants laying the foundation for the admission of their case-in-chief exhibits during the cross-examination of government witnesses.

But Defendants' request for a pretrial order permitting them to introduce "non-collateral, admissible evidence while a witness is testifying on cross-examination" goes too far. (*Id.* at 6.) Defendants' qualifiers are meaningless: Extrinsic evidence of collateral matters (presumably meaning "impeachment") is already generally inadmissible, *see* FED. R. EVID. 608(b), so offering to limit their evidence to "non-collateral matters" imposes few additional limits, if any. And it is tautological that evidence must be admissible to be admitted. With those qualifiers removed, Defendants are simply asking to introduce *any* otherwise admissible case-in-chief evidence while the government is shouldering its burden of proof beyond a reasonable doubt.

Defendants' order would invert Rule 611 and interpret the Rule as though the House of Representatives had not rejected its initial, broader formulation. *See* FED. R. EVID. 611, Advisory Committee's Note, 1974 Enactment, Note to Subdivision (b) (recounting proposal to allow "cross-examination on any matter relevant to any issue in the case," unless limited by the court). Furthermore, lengthy interruptions of the government's case-in-chief will improperly dilute its impact and prevent the "orderly and predictable development of the evidence." (*Id.*) The Court should thus exercise its broad discretion under Rule 611 in the manner it typically does: to prohibit Defendants from introducing case-in-chief exhibits during cross-examination. *See Stadtmauer*, 620 F.3d at 272 ("[W]e have little trouble concluding that the District Court did not abuse its discretion in postponing the admission of Stadtmauer's proposed exhibits, even if they were technically within the 'subject matter' of the Government's direct examination.").

Defendants improperly ground their Rule 611 argument in the Constitution. They contend, without citation, that they have a constitutional right not only "to cross-examine government

4

witnesses about the *subject matter* of the direct examination and the witness' credibility—but also to introduce and admit tangible (not just testimonial) evidence—within that scope." (Rule 611 Motion, at 3.) That is not the law. "So long as cross-examination elicits adequate information to allow a jury to assess a witness's credibility, motives, or possible bias, the Sixth Amendment is not compromised by a limitation on cross-examination." *Ralston*, 110 F.4th at 918 (citation omitted).[2]

The cases that Defendants do cite are inapposite. In *United States v. Segal*, 534 F.2d 578 (3d Cir. 1976), the trial court prohibited the defense from introducing recordings of a conversation about which a law enforcement agent testified on direct examination. *Id.* at 582. Here, the government will not object on Rule 611 grounds if it elicits testimony regarding a conversation and Defendants seek to introduce a recording of that conversation. In *United States v. Wolfson*, 573 F.2d 216 (5th Cir. 1978), the government introduced exhibits that contained relevant insurance figures, then the district court limited the defendant's questioning of the witness regarding those figures—even after the defendant took the witness as his own. *Id.* at 223. As a result, the Fifth Circuit did "not believe the substance of the desired information got before the jury" at all. *Id.* That distinguished *Wolfson* from a prior case holding that "the important factor . . . is not when the information gets to the jury but that it gets to the jury." *See United States v. Onori*, 535 F.2d 938,

---

[2]  Defendants also mention the Sixth Amendment's guarantee of a right to counsel, but they do not develop the argument with any case citation nor articulate how, in this context, that right differs from their rights to confront witnesses. (*See* Rule 611 Motion, at 3.)

Defendants further claim that requiring them to recall witnesses would violate their Fifth Amendment right not to put on a case. (*Id.*) They misunderstand. Even when a defendant introduces case-in-chief evidence through government witnesses, that is still the defendant's case-in-chief. *See United States v. Liberto*, 565 F. Supp. 3d 739, 745 (D. Md. 2021) (collecting cases for the proposition that "'case-in-chief' includes substantive evidence offered on cross-examination of an opposing party's witness").

5

946 (5th Cir. 1976); *see also Wolfson*, 573 F.2d at 223 (distinguishing *Onori*). Again, however, the government will not object on Rule 611 grounds to Defendants introducing evidence in their own cases-in-chief.

Finally, Defendants make much of the purported complexity and anticipated length of this trial. (*See, e.g.*, Rule 611 Motion, at 4 ("This matter is currently set for trial to begin on April 22, 2025, with an expected duration of at least 3-5 weeks."); *id.* at 2 (describing this case as "complex").) Although this case is not a simple felon-in-possession matter, neither is it especially technical or complex. Cothren gave Casada and Smith kickbacks in exchange for them directing state mailer business to a company he secretly owned. Thus, the government does not anticipate a trial duration of "at least 3-5 weeks." It expects to present its case-in-chief in well under two weeks. Accordingly, the likelihood that the jury will not recall the significance of a witness whom Defendants call later is minimal.

## CONCLUSION

For the foregoing reasons, Defendants have not offered a compelling reason that the Court should depart from its usual practice. The Court should therefore exercise its broad discretion to deny Defendants' Rule 611 Motion.

Respectfully submitted,

ROBERT E. McGUIRE
Acting United States Attorney for the
Middle District of Tennessee

*/s/ Taylor Phillips*
TAYLOR PHILLIPS
Assistant United States Attorney
719 Church Street, Ste 3300
Nashville, Tennessee 37203
Telephone: 615-736-5151

6

Case 3:22-cr-00282    Document 276    Filed 03/26/25    Page 6 of 7 PageID #: 1856

BLAKE J. ELLISON
Trial Attorney
Public Integrity Section, Criminal Division
United States Department of Justice