UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:22-cr-00282 |
| v. | ) | |
| | ) | Judge Richardson |
| | ) | |
| [1] GLEN CASADA | ) | |
| [2] CADE COTHREN | ) | |

## JOINT PROPOSED JURY INSTRUCTIONS

The United States, through Assistant United States Attorney Taylor J. Phillips and Trial Attorneys John P. Taddei and Blake J. Ellison; the defendant, Glen Casada, through his attorneys Edward M. Yarbrough, Jonathan P. Farmer, and Chase Fann; and the defendant, Cade Cothren, through his attorneys Cynthia A. Sherwood and Joy B. Longnecker, hereby submit the following proposed jury instructions. The proposed jury instructions are submitted jointly, except where footnoted or indicated by notations of [GOVERNMENT] or [DEFENSE]. The parties request leave to amend and supplement the instructions based on evidence adduced at trial. The parties disagreed as to the verdict form and will file separate proposed verdict forms along with these proposed instructions.

**COURT'S INSTRUCTION NO. \_\_\_\_**

**INTRODUCTION[1]**

1) Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

2) I will start by explaining your duties and the general rules that apply in every criminal case.

3) Then I will explain the elements, or parts, of the crime that the defendants are accused of committing.

4) [Then I will explain the defendants' position(s).]

5) Then I will explain some rules that you must use in evaluating particular testimony and evidence.

6) And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

7) Please listen very carefully to everything I say.

---

[1] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 1.01.

**COURT'S INSTRUCTION NO. ____**

**JURORS' DUTIES[2]**

1) You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

2) Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

3) [(3) The lawyers have talked about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls.]

4) Perform these duties fairly and impartially. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

5) Do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases. You should not be influenced by stereotypes based on any person's age, race, color, religious beliefs, national ancestry, sexual orientation,

---

[2] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 1.02.

3

gender identity, gender, or economic circumstances.

# COURT'S INSTRUCTION NO. ____

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT[3]

1) As you know, the defendants have pleaded not guilty to the crime charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendants what crime they are accused of committing. It does not even raise any suspicion of guilt.

2) Instead, the defendants start the trial with a clean slate, with no evidence at all against him, and the law presumes that they are innocent. This presumption of innocence stays with them unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that they are guilty.

3) This means that the defendants have no obligation to present any evidence at all, or to prove to you in any way that they are innocent. It is up to the government to prove that they are guilty, and this burden stays on the government from start to finish. You must find the defendants not guilty unless the government convinces you beyond a reasonable doubt that they are guilty.

4) The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

5) Proof beyond a reasonable doubt means proof which is so convincing that you would

---

[3] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 1.03.

not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

**COURT'S INSTRUCTION NO. \_\_\_\_**

**EVIDENCE DEFINED[4]**

1) You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

2) The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; [the stipulations that the lawyers agreed to]; [and the facts that I have judicially noticed].

3) Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

4) During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

5) Make your decision based only on the evidence, as I have defined it here, and nothing else.

---

[4] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 1.04.

**COURT'S INSTRUCTION NO. ____**

**CONSIDERATION OF EVIDENCE[5]**

1) You are to consider only the evidence in the case. You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

2) In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

3) The existence of an inference does not change or shift the burden of proof from the government to the defendants.

---

[5] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 1.05.

# COURT'S INSTRUCTION NO. _____

## DIRECT AND CIRCUMSTANTIAL EVIDENCE[6]

1) Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

2) Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

3) Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

4) It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

---

[6] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 1.06.

**COURT'S INSTRUCTION NO. \_\_\_\_**

**CREDIBILITY OF WITNESSES[7]**

1) Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

2) Let me suggest some things for you to consider in evaluating each witness's testimony.

    A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

    B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

    C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

    D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

    E) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in

---

[7] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 1.07A.

favor of one side or the other.

F) [(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.]

G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

3) These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

**COURT'S INSTRUCTION NO. \_\_\_\_**

**CREDIBILITY OF WITNESSES – LAW ENFORCEMENT OFFICER[8]**

[You have heard the testimony of [a] law enforcement officer[s]. The fact that a witness is employed as a law enforcement officer does not mean that his testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness. You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.]

---

[8] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 1.07B.

**COURT'S INSTRUCTION NO. ____**

**NUMBER OF WITNESSES[9]**

1) One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

2) Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

---

[9] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 1.08.

Case 3:22-cr-00282    Document 295    Filed 04/08/25    Page 13 of 153 PageID #: 2132

**COURT'S INSTRUCTION NO. _____**

**LAWYERS' OBJECTIONS[10]**

1) There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

2) The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

3) And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

---

[10] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 1.09.

**COURT'S INSTRUCTION NO. \_\_\_\_**

**INTRODUCTION**

(1) That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.   In a moment, I will explain the elements of the crimes that the defendants are charged with committing.

(2) But before I do that, I want to emphasize that the defendants are only on trial for the particular crimes charged against the defendants in the indictment.   Your job is limited to deciding whether the government has proved the crimes charged.

[(3) Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider.   The possible guilt of others is no defense to a criminal charge.   Your job is to decide if the government has proved the defendants guilty. Do not let the possible guilt of others influence your decision in any way.]

Authority

Sixth Circuit Pattern Jury Instruction No. 2.01

**COURT'S INSTRUCTION NO. \_\_\_\_**

**SEPARATE CONSIDERATION—MULTIPLE DEFENDANTS CHARGED WITH THE SAME CRIMES**

(1) The defendants have both been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. And in our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them. For each one, you must decide whether the government has presented proof beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

(2) Except as I later instruct you, your decision on any one defendant or charge, whether it is guilty or not guilty, should not influence your decision on any of the other defendants or charges.

Authority

Sixth Circuit Pattern Jury Instruction 2.01C

16

**COURT'S INSTRUCTION NO. \_\_\_\_**

**COUNT ONE: CONSPIRACY**

**[GOVERNMENT]**

(1) In the law, an underlying offense is called a substantive offense. Participating in a conspiracy to commit a substantive offense is an entirely separate and distinct charge from commission of the substantive offense itself. For example, conspiracy to commit honest services fraud is an entirely separate and distinct offense from the substantive offense of honest services wire fraud.

It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal. Therefore, to find that there was a conspiracy to commit an offense, all the elements of the underlying substantive offense need not be satisfied. It is enough that the defendant in question entered into a conspiracy which, if successful, would satisfy all of the elements of the substantive offense.

The substantive offenses that the conspiring persons agree to commit is the "object" of the conspiracy. A conspiracy can have more than one object. When a count alleges more than one object of the conspiracy, the government must prove at least one object beyond a reasonable doubt.

In Count One, the defendants are charged with a conspiracy to with four objects:

(A) Fraud concerning programs receiving federal funds;

(B) Soliciting bribes related to programs receiving federal funds;

(C) Offering bribes related to programs receiving federal funds; and

(D) Honest services wire fraud.

I will define these offenses later in my instructions.

(2) A conspiracy is a kind of criminal partnership. For you to find any one of the

17

defendants guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

(A) First, that two or more persons conspired, or agreed, to commit one or more of the four object crimes listed in the indictment, which I just named.

(B) Second, that the defendant knew of the conspiracy and its objects.

(C) Third, that the defendant joined the conspiracy with the intent that at least one of the conspirators engage in conduct that satisfies the elements of one or more of the four object crimes listed in the indictment.

(D) And fourth, that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

[11]

Authority

Sixth Circuit Pattern Jury Instruction 3.01A

Final Jury Instructions, *United States v. Hills et al.*, No. 1:16-cr-329, ECF No. 360 at 54–62 (N.D. Ohio Oct. 1, 2018), *aff'd*, 27 F.4th 1155 (4th Cir. 2022), *cert. denied*, 143 S. Ct. 305 (Oct. 11, 2022), 143 S. Ct. 606 (Jan. 9, 2023).

---

[11]     The defendants also request that the following instructions be read: "An act is done "knowingly" if it is done voluntarily and intentionally, and not because of mistake or some other innocent reason," "You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the Defendants guilty on Count One," and "Because the Defendants are charged with a conspiracy to commit multiple crimes, you must unanimously decide which, if any, crime the Defendants conspired to commit."

18

**COURT'S INSTRUCTION NO. \_\_\_\_**

**COUNT ONE: CONSPIRACY (18 U.S.C. § 371)[12]**

**[DEFENSE]**

1) Count One of the Indictment accuses the Defendants of a conspiracy to commit the following crimes in violation of federal law: (1) Theft Concerning Programs Receiving Federal Funds; (2) Bribery and Kickbacks Concerning Programs Receiving Federal Funds (as to Defendant Casada, with Defendant Cothren as an aider and abettor); (3) Bribery and Kickbacks Concerning Programs Receiving Federal Funds (as to Defendant Cothren, with Defendant Casada as an aider and abettor); and (4) Honest Services Wire Fraud.

2) A conspiracy is a kind of criminal partnership. It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal. The criminal act that the conspiring persons agree to commit is the "object" of the conspiracy. A conspiracy can have more than one object. When a count alleges more than one object of the conspiracy, the prosecution must prove at least one object beyond a reasonable doubt. Count One alleges a conspiracy having multiple objects.

3) For you to find either of the Defendants guilty of the conspiracy charge, the prosecution must prove each and every one of the following elements beyond a reasonable doubt:

    A) First, that two or more persons conspired, or agreed, to commit one or more of the following crimes:

        i)    Theft Concerning Programs Receiving Federal Funds;

        ii)    Bribery and Kickbacks Concerning Programs Receiving Federal

---

[12] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 3.01A.

Funds (as to Defendant Casada, with Defendant Cothren as an aider and abettor);

    iii)    Bribery and Kickbacks Concerning Programs Receiving Federal Funds (as to Defendant Cothren, with Defendant Casada as an aider and abettor);

    iv)    Honest Services Wire Fraud;

B) Second, that the Defendants knew of the conspiracy and its criminal objects;

C) Third, that the Defendants joined the conspiracy with the intent that at least one of conspirators engage in conduct that satisfies all of the elements of one or more of the following criminal objects:

    i)    Theft Concerning Programs Receiving Federal Funds;

    ii)    Bribery and Kickbacks Concerning Programs Receiving Federal Funds (as to Defendant Casada, with Defendant Cothren as an aider and abettor));

    iii)    Bribery and Kickbacks Concerning Programs Receiving Federal Funds (as to Defendant Cothren, with Defendant Casada as an aider and abettor); or

    iv)    Honest Services Wire Fraud;

D) And fourth, that a member of the conspiracy did one of the overt acts described in the Indictment under Count One for the purpose of advancing or helping the conspiracy.

4) An act is done "knowingly" if it is done voluntarily and intentionally, and not because

of mistake or some other innocent reason.[13]

5) Because the Defendants are charged with a conspiracy to commit multiple crimes, you must unanimously decide which, if any, crime the Defendants conspired to commit.[14]

6) You must be convinced that the prosecution has proved all of these elements beyond a reasonable doubt in order to find the Defendants guilty on Count One.[15]

---

[13] Source: *United States v. Toh*, Case No. 3:22-cr-292, Final Jury Instructions, p. 17.

[14] Sources: *United States v. Tragas*, 727 F.3d 610, 616 (6th Cir. 2013) ("where a defendant is charged in a single count with a conspiracy to commit multiple crimes, the jury must unanimously decide which crime the defendant conspired to commit."); *United States v. Tahir*, No. 15-20351, 2016 WL 795884, at *4 (E.D. Mich. Feb. 29, 2016) (noting that courts can take "additional steps…through jury instructions and a special verdict form, to ensure unanimity among the jury as to the object or objects of the conspiracy."); *United States v. Vernon*, 723 F.3d 1234, 1263 (11th Cir. 2013); ("When an indictment alleges a conspiracy with multiple object offenses, the jury must unanimously agree on a specific object offense.").

[15] Source: *United States v. Toh*, Case No. 3:22-cr-292, Final Jury Instructions, p. 17.

**COURT'S INSTRUCTION NO. \_\_\_\_**

**AGREEMENT**

**[GOVERNMENT]**

(1) With regard to the first element—a criminal agreement—the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit one of the four object crimes listed in the indictment.

(2) This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

(3) What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit one of the four object crimes listed in the indictment. This is essential.

(4) An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(5) One more point about the agreement. The indictment charges the defendants with conspiring to commit several federal crimes. The government does not have to prove that the defendants agreed to commit all these crimes. But the government must prove an agreement to commit at least one of them for you to return a guilty verdict on the conspiracy charge. [16]

---

[16] The defendants also request that the following instruction be read: "As to the first criminal object under Count One, the government must prove all of the elements set forth in Count Two

<u>Authority</u>

Sixth Circuit Pattern Jury Instruction 3.02

---

beyond a reasonable doubt. As to the second criminal object under Count One, the government must prove all of the elements set forth in Count Three beyond a reasonable doubt. As to the third criminal object under Count One, the government must prove all of the elements set forth in Count Four beyond a reasonable doubt. As to the fourth criminal object under Count One, the government must prove all of the elements set forth in Count 5, 6, 7, 8, 9, or 10 beyond a reasonable doubt."

23

**COURT'S INSTRUCTION NO. \_\_\_\_**

**AGREEMENT[17]**

**[DEFENSE]**

1) With regard to the first element of Count One—a criminal agreement—the prosecution must prove that two or more persons conspired, or agreed, to cooperate with each other to commit at least one criminal object.

2) As to the first criminal object under Count One, the prosecution must prove all of the elements set forth in Count Two beyond a reasonable doubt. As to the second criminal object under Count One, the prosecution must prove all of the elements set forth in Count Three beyond a reasonable doubt. As to the third criminal object under Count One, the prosecution must prove all of the elements set forth in Count Four beyond a reasonable doubt. As to the fourth criminal object under Count One, the prosecution must prove all of the elements set forth in Count 5, 6, 7, 8, 9, or 10 beyond a reasonable doubt.

3) The prosecution is not required to prove any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the prosecution has proved an agreement. But without more they are not enough.

4) To obtain a conspiracy conviction, what the prosecution must prove is that there was

---

[17] Sources: 6th Cir. PJI 3.02; *United States v. Toh*, Case No. 3:22-cr-292, Final Jury Instructions, p. 24.

a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to achieve at least one of the criminal objects alleged in Count One.    This is essential.

5) An agreement can be proved indirectly by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the prosecution to convince you that such facts and circumstances existed in this particular case.

6) One more point about the agreement. The Indictment accuses the Defendants of conspiring to commit several federal crimes. The prosecution does not have to prove that the defendants agreed to commit all these crimes. But the prosecution must prove an agreement to commit at least one of them for you to return a guilty verdict on the conspiracy charge in Count One.

**COURT'S INSTRUCTION NO. \_\_\_\_**

**DEFENDANT'S CONNECTION TO THE CONSPIRACY**

(1) Proof of conspiracy does not require that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough. You must consider each defendant separately in this regard.

(2) But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

(3) A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew of the conspiracy and its objects. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

Authority

Sixth Circuit Pattern Jury Instruction 3.03

**COURT'S INSTRUCTION NO. _____**

**OVERT ACTS**

(1) The third element that the government must prove is that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

(2) Count One of the indictment lists overt acts. The government does not have to prove that all these acts were committed, or that any of these acts were themselves illegal.

(3) But the government must prove that at least one of these acts was committed by a member of the conspiracy, and that it was committed for the purpose of advancing or helping the conspiracy. This is essential.

<u>Authority</u>

Sixth Circuit Pattern Jury Instruction 3.04

**COURT'S INSTRUCTION NO. _____**

**UNINDICTED, UNNAMED, OR SEPARATELY TRIED COCONSPIRATORS**

**[GOVERNMENT]**

(1) Now, some of the people who may have been involved in these events are not on trial. This does not matter.   There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

[(2) Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.]

**COURT'S INSTRUCTION NO. _____**

**UNINDICTED, UNNAMED, OR SEPARATELY TRIED COCONSPIRATORS**

**[DEFENSE]**

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

If you are convinced that the government has proved all of these elements of conspiracy under Count One, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

Authority

Sixth Circuit Pattern Jury Instruction 3.06

**COURT'S INSTRUCTION NO. ____**

**COUNT TWO: FRAUD CONCERNING PROGRAMS RECEIVING FEDERAL FUNDS**

**[GOVERNMENT]**

(1) Count Two of the indictment charges the defendants with fraud concerning programs receiving federal funds in violation of federal law. For you to find the defendants guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, that defendant Glen Casada was an agent of a state government, namely the State of Tennessee.

(B) Second, that defendant Glen Casada embezzled, stole, fraudulently obtained, knowingly and without authority converted to the use of someone other than the rightful owner, or intentionally misapplied property worth at least $5,000 which was under the control, care, or supervision of the State of Tennessee.

(C) Third, that the previous two elements occurred in a one-year period during which the State of Tennessee received more than $10,000 under any federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of federal assistance.

(2) Now I will give you more detailed instructions on some of these terms.

(A) The term "agent" means a person authorized to act on behalf of another person or a government and, in the case of an organization or government, includes a servant or employee, and a partner, director, officer, manager, and representative. An agent does not necessarily have any control over the federal funds received by their organization.

(B) The term "one-year period" means a continuous period that begins no earlier than twelve months before the commission of the offense or that ends no later than twelve

30

months after the commission of the offense.   The period may include time both before and after the commission of the offense.

(C) It is sufficient that the property that was embezzled, stolen, fraudulently obtained, knowingly and without authority converted to the use of someone other than the rightful owner, or intentionally misapplied was altogether worth $5,000 or more in the aggregate.

(D) The government is not required to prove that the fraud affected the federal funds received by the state government.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.   If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.  [(4) Insert applicable explanations of any matters not required to convict here.]


Authority

Sixth Circuit Pattern Jury Instruction 2.02

18 U.S.C. § 666(a)(1)(A), 666(d)(1) (defining agent), 666(d)(5) (defining "in any one-year period")

Final Jury Instructions, *United States v. Hills et al.*, No. 1:16-cr-329, ECF No. 360 at 67–69 (N.D. Ohio Oct. 1, 2018), *aff'd*, 27 F.4th 1155 (4th Cir. 2022), *cert. denied*, 143 S. Ct. 305 (Oct. 11, 2022), 143 S. Ct. 606 (Jan. 9, 2023).

*United States v. Johnson*, 79 F.4th 684, 712 (6th Cir. 2023) (outlining the elements)

William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit 296–97 (2023)

31

**COURT'S INSTRUCTION NO. _____**

**COUNT TWO: THEFT CONCERNING PROGRAMS RECEIVING FEDERAL FUNDS**
**18 U.S.C. §§ 666(a)(1)(A)(2)18**
**DEFENDANT CASADA**

**[DEFENSE]**

Count Two of the Indictment charges Defendant Casada with theft by fraud from programs receiving federal funds. For you to find Defendant Casada guilty of violating 18 U.S.C. § 666(a)(1)(A)(2), the prosecution must prove each of the following elements beyond a reasonable doubt:

1) First, that Defendant Casada was acting in his capacity as an elected representative of the Tennessee General Assembly in connection with the events alleged in the Indictment;

2) Second, that the State of Tennessee received, in each of the calendar years 2019, 2020, and 2021, benefits in excess of $10,000 from the United States government involving grants, subsidies, loans, guarantees, insurance, and other forms of assistance;

3) Third, that Defendant Casada, aided and abetted by Defendant Cothren, knowingly obtained property (in this case, money) to which he was not legally entitled;

4) Fourth, that property (in this case, money) was in the care, custody, or control of the State of Tennessee;

5) Fifth, that Defendant Casada obtained the State's property (in this case, money) through a misrepresentation or concealment of a fact by Defendant Casada.[19]   ;

---

[18] Sources: 18 U.S.C. § 666(a)(1)(A)(ii); Eleventh Circuit Pattern Jury Instructions.
[19] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Sections 10.01, 10.02, 18 U.S.C. §§ 1341, 1343.

32

6) Sixth, the misrepresentation or concealment of a fact made by Defendant Casada was material;[20]

7) Seventh, Defendant Casada had a duty to disclose the fact that was concealed;

8) Eighth, that Defendant Casada had the intent to defraud the State of Tennessee by causing an economic loss;[21]

9) Ninth, the money paid to Defendant Casada by the State of Tennessee had a value of $5,000 or more, excluding bona fide salaries, wages, fees, or other compensation paid in the usual course of business; and

10) Tenth, the money paid by the State of Tennessee to Defendant Casada was not bona fide salaries, wages, fees, or other compensation paid in the usual course of business.[22]

If you are convinced that the prosecution has proved all of these elements, say so by returning a guilty verdict on this charge.   If you have a reasonable doubt about any one of these

---

[20] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Sections 10.01, 10.02, 18 U.S.C. §§ 1341, 1343.

[21] Sources: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Sections 10.01, 10.02, 18 U.S.C. §§ 1341, 1343; *Kelly v. United States*, 590 U.S. 391, 393 (2020) ("The Government charged the responsible officials under the federal statutes prohibiting wire fraud and fraud on a federally funded program or entity. *See* 18 U. S. C. §§1343, 666(a)(1)(A). Both those laws target fraudulent schemes for obtaining property. *See* §1343 (barring fraudulent schemes 'for obtaining money or property'); §666(a)(1)(A) (making it a crime to 'obtain[ ] by fraud . . . property')"; *See also United States v. Riley*, 621 F.3d 312, 327-28 (3d Cir. 2010) (analyzing fraud under §§ 666(a)(1), 1341, and 1346 and noting pivotal distinction between former two statutes and the latter is whether the object of the fraud is the deprivation of money (1341) or property (666 and 1341) or honest services (1346)); *United States v. Sadler*, 750 F.3d 585, 590 (6th Cir. 2014) (reversing wire fraud conviction because, although the defendant lied, she did not have the intent to defraud: "To be guilty of fraud, an offender's 'purpose under the federal statutes' …[which is] a common-law root of the federal fraud statutes"; "paying the going rate for a product" is not fraud; "The pills were gone after the transaction. But paying the going rate for a product does not square with the conventional understanding of 'deprive.'"; "Stealing the pills would be one thing; paying full price for them is another.") (citing Restatement (Second) of Torts § 531 ("One who makes a fraudulent misrepresentation is subject to liability…for pecuniary losses suffered.")).

[22] Source: 18 U.S.C. § 666(c); *United States v. Mills*, 140 F.3d 630, 633-34 (6th Cir. 1998).

elements, then you must find Defendant Casada not guilty of this charge.

The terms used in 18 U.S.C. § 666(a) have the following meanings:

1)  An "agent" is a person authorized to act on behalf of another person, organization, or a prosecution and, in the case of an organization or prosecution, includes a servant or employee, partner, officer, or director.[23]

2) The parties agree that Defendant Casada was an elected representative of the Tennessee General Assembly during the period alleged in the Indictment. The prosecution's position is that Defendant Casada was acting as an authorized agent of the State of Tennessee in connection with the events alleged in the Indictment. Defendants disagree. It is for you to decide in which capacity Defendant Casada was acting in connection with the events alleged in the Indictment.

3) A "government agency" is a subdivision of the executive, legislative, judicial, or other branch of government, including a department, independent establishment, commission, administration, authority, board, bureau, and a corporation or other legal entity established and subject to control by a government or governments for the execution of a governmental or intergovernmental program.[24]

4) A "State" means a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.[25]

---

[23] Source: 18 U.S.C. § 666(d).
[24] Source: 18 U.S.C. § 666(d).
[25] Source: 18 U.S.C. § 666(d).

5) "In any one-year period" means a continuous period that commences no earlier than twelve months before the commission of the offense or that ends no later than twelve months after the commission of the offense. Such period may include time both before and after the commission of the offense.[26]

6) Section 666(a)(1)(A) criminalizes only the deprivation of another of its traditional property interests.[27] The traditional property interest alleged in this Count is money.

7) The terms "misrepresentation or concealment" means any false statements or assertions that concern a material fact of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.[28]

8) "Concealment" means where one says nothing but has a duty to speak.[29]

9) A misrepresentation or concealment is "material" in this context if it:

A) has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension;[30] and

B) the misrepresentation or concealment goes to an essential element of the bargain.[31]

---

[26] Source: 18 U.S.C. § 666(d).
[27] Source: *Ciminelli v. United States*, 598 U.S. 306, 309 (2023).
[28] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 10.03A.
[29] Source: *United States v. Maddux*, 917 F.3d 437, 443-44 (6th Cir. 2019) (quoting *United States v. Kurlemann*, 736 F.3d 439, 445, 446 (6th Cir. 2013) and citing, *inter alia*, *Pasquantino v. United States*, 544 U.S. 349, 357 (2005) and *United States v. Perry*, 757 F.3d 166, 176 (4th Cir. 2014)).
[30] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 10.01(2).
[31] Source: *United States v. Bolos*, 104 F.4th 562, 570 (6th Cir. 2024) ("inducing the [alleged victim] to contract with [the defendant]…cannot support a mail-fraud charge.") (citing *United States v. Shellef*, 507 F.3d 82, 108 (2d Cir. 2007) ("Our cases have drawn a fine line between schemes that do no more than cause their victims to enter into transactions they would otherwise avoid—which do not violate the mail or wire fraud statutes—and schemes that depend for their completion on a misrepresentation of an essential element of the bargain—which do violate the mail and wire fraud statutes.")).

35

10) One can deceive without intending to defraud. "To defraud, one must intend to use deception to cause some injury; but one can deceive without intending to harm at all" and thus "deceiving is a necessary condition of defrauding but not a sufficient one." "Put another way, one who defrauds always deceives, but one can deceive without defrauding."[32]

11) If you find that the prosecution has proven beyond a reasonable doubt only that Defendant Casada deprived the State of Tennessee of "valuable economic information needed to make discretionary economic decisions," that is not a traditional property interest and is not sufficient to find Defendant Casada guilty. [33] "Valuable economic information" is "information that affects the victim's assessment of the benefits or burdens of a transaction, or relates to the quality of goods or services received or the economic risks of the transaction."[34]

12) A misrepresentation or omission amounting to deceit is only insufficient even if it causes another person to enter into a transaction that they would otherwise avoid. Rather, the misrepresentation or omission must be coupled with a duty to disclose the information and contemplated harm to the person that affects the very nature of the bargain itself, such as not receiving what they expected or paid for, or receiving something of different quality or value because of the misrepresentation or omission. The misrepresentation or omission must be capable of affecting the person's understanding of the bargain and influencing

---

[32] Source: *United States v. Takhalov*, 827 F.3d 1307, 1312 (11th Cir. 2016).

[33] Source: *Ciminelli v. United States*, 598 U.S. 306, 309 (2023); *see also United States v. Bolos*, 104 F.4th 562, 570 (6th Cir. 2024); *United States v. Sadler*, 750 F.3d 585, 590 (6th Cir. 2014).

[34] Source: *Ciminelli v. United States*, 598 U.S. 306, 309 (2023); *see also United States v. Bolos*, 104 F.4th 562, 570 (6th Cir. 2024); *United States v. Sadler*, 750 F.3d 585, 590 (6th Cir. 2014).

their assessment of the value of the bargain. When the person receives exactly what they paid for, there is no fraud even if the person made the purchase because of the misrepresentation or omission.35

13) To act with "intent to defraud" means to make material misrepresentations with the intent to deprive and for the purpose of injuring the State of Tennessee by causing economic loss.36 The prosecution must prove that defendants contemplated some actual harm or

---

35 *United States v. Sadler*, 750 F.3d 585, 590 (6th Cir. 2014); *United States v. Bolos*, 104 F.4th 562, 570 (6th Cir. 2024); *United States v. Milheiser*, 98 F.4th 935, 940 (9th Cir. 2024) (holding the district court's refusal to give the instruction set forth above was reversible error); Petition for Writ of Certiorari, *Kousisis v. United States*, Case No. 23-909 (Feb. 20, 2024), at pp. 21-22 ("The Second Circuit now uses the 'essential element of the bargain' to capture the intended economic harm that characterizes property fraud: even if the victim would have avoided a transaction had it known the truth, a deceptive scheme is not property fraud if 'the alleged victims received exactly what they paid for.'" (citing *United States v. Shellef*, 507 F.3d 82, 102 (2d Cir. 2007))). Four other circuits align with the Second in rejecting the fraudulent inducement theory. *See United States v. Sadler*, 750 F.3d 585 (6th Cir. 2014) (Sutton, J.) ("paying the going rate for a product does not square with the conventional understanding of 'deprive'"); *United States v. Bruchhausen*, 977 F.2d 464 (9th Cir. 1992); *United States v. Takhalov*, 827 F.3d 1307, 1310 (11th Cir. 2016); *United States v. Guertin*, 67 F.4th 445, 451 (D.C. Cir. 2023) (employee's lies that induce employer to pay salary but "do not deprive the employer of the benefit of its bargain," do not defraud employer of money paid).

36 Sources: *Kelly v. United States,* 590 U.S. 391, 393 (2020) ("The Government charged the responsible officials under the federal statutes prohibiting wire fraud and fraud on a federally funded program or entity. *See* 18 U. S. C. §§1343, 666(a)(1)(A). Both those laws target fraudulent schemes for obtaining property. *See* §1343 (barring fraudulent schemes 'for obtaining money or property'); §666(a)(1)(A) (making it a crime to 'obtain[ ] by fraud . . . property')"); *United States v. Sadler*, 750 F.3d 585, 590 (6th Cir. 2014) (wire fraud case in which Sixth Circuit recognized that to be guilty of fraud, an offender's "purpose must be to injure…[which is] a common-law root of the federal fraud statutes[.]"); *see also United States v. Riley*, 621 F.3d 312, 327-28 (3d Cir. 2010) (analyzing fraud under §§ 666(a)(1), 1341, and 1346 and noting pivotal distinction between former two statutes and the latter is whether the object of the fraud is the deprivation of money (1341) or property (666 and 1341) or honest services (1346)).

injury to the State of Tennessee by material misrepresentations.37 Only a showing of intended harm will satisfy the element of fraudulent intent.38

14) Puffing, exaggerated enthusiasm, and high-pressure salesmanship do not constitute fraud, provided they simply magnify an opinion of the advantages of a product without falsely asserting the existence of qualities the product does not possess.39

15) There is no "deprivation" of money or property if the State of Tennessee paid fair value or market rate for the services rendered.40

16) An act is "knowingly" done if done voluntarily and not because of mistake or some other innocent reason. 41

17) "Bona fide compensation" paid in the usual course of business means money paid for actual performance of work. You may not consider any acts Defendants took in securing the work in determining whether the payments Defendant Casada received were bona fide compensation paid in the usual course of business. You must focus solely on whether Defendant Casada performed the services for which he was paid.42

---

37 Source: *United States v. Sadler*, 750 F.3d 585, 590 (6th Cir. 2014). In § 666 cases centering on program fraud, the Sixth Circuit has cited cases arising under other fraud statutes, such as 18 U.S.C. §§ 1341 (mail fraud) and 1343 (wire fraud). *See United States v. Washington*, 715 F.3d 975, 979 (6th Cir. 2013).

38 Source: *United States v. Sadler*, 750 F.3d 585, 590 (6th Cir. 2014).

39 Sources: *United States v. Amlani*, 111 F.3d 705, 718 (9th Cir. 1997); Fourth Circuit Pattern Jury Instructions (18 U.S.C. § 1341), p. 255.

40 Sources: *United States v. Sadler*, 750 F.3d 585, 590 (6th Cir. 2014); *Cleveland v. United States,* 531 U.S. 12 (2000).

41 Sources: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Sections 10.01, 10.02, 18 U.S.C. §§ 1341, 1343.

42 Sources: *United States v. Mills*, 140 F.3d 630, 633-634 (6th Cir. 1998); *United States v. Mann*, No. 97-6179, 1999 U.S. App. LEXIS 160, at *6-8 (6th Cir. Jan. 4, 1999).

18) For this Count, you may only convict if the prosecution has proven that Defendant Casada received more than $5,000 in non "bona fide" payments.[43]

---

[43] Sources: *United States v. Mills*, 140 F.3d 630, 634 (6th Cir. 1998) ("The acceptance of monetary payments by government officials for the procurement of jobs with a county law enforcement agency is reprehensible and a perversion of the ideal of fairness in government service. In its wisdom, however, Congress has apparently determined that all such instances of bribery do not merit the attention of the federal courts. Instead, many such transgressions are best left to state judicial systems for prosecution, conviction, and punishment. To differentiate between those cases to be handled in the federal system and those cases to be prosecuted in state court, Congress imposed monetary valuation thresholds on the governments and agencies subject to federal bribery laws and to the specific acts sought to be criminalized"); *Kelly v. United States*, 590 U.S. 391, 404, 140 S. Ct. 1565, 1574, 206 L. Ed. 2d 882 (2020) ("But not every corrupt act by state or local officials is a federal crime.").

39

**COURT'S INSTRUCTION NO. \_\_\_\_**

**COUNT TWO: AIDING AND ABETTING[44]  THEFT CONCERNING PROGRAMS
RECEIVING FEDERAL FUNDS
18 U.S.C. §§ 666(a)(1)(A), 2
DEFENDANT COTHREN**

**[DEFENSE]**

1)  For you to find Defendant Cothren guilty of Theft by Fraud Concerning Programs Receiving Federal Funds under 18 U.S.C. § 666(a)(1)(A) ("Theft by Fraud Concerning Programs Receiving Federal Funds"), it is not necessary for you to find that he personally committed the crime. You may also find him guilty if he intentionally helped someone else—here, Defendant Casada—to commit the crime. A person who does this is called an aider and abettor.

2)  But for you to find Defendant Cothren guilty of Theft by Fraud Concerning Programs Receiving Federal Funds under 18 U.S.C. §§ 666(a)(1)(A), as an aider and abettor, you must be convinced that the prosecution has proved each and every one of the following elements beyond a reasonable doubt:

   A) First, that Defendant Casada committed the crime of Theft by Fraud Concerning Programs Receiving Federal Funds;

   B) Second, that Defendant Cothren helped Defendant Casada to commit that crime; and

   C) Third, that Defendant Cothren intended to help Defendant Casada commit that crime.

---

[44] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 4.01 (Aiding and Abetting).

3) Proof that Defendant Cothren may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the prosecution has proved that he was an aider and abettor, but without more it is not enough. What the prosecution must prove is that Defendant Cothren did something to help the crime with the intent that the crime be committed.

If you are convinced that the prosecution has proved all of these elements of aiding and abetting as to Defendant Cothren under Count Two, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find Defendant Cothren not guilty of this charge.

**COURT'S INSTRUCTION NO. \_\_\_\_**

**COUNTS THREE AND FOUR: BRIBES AND KICKBACKS CONCERNING PROGRAMS RECEIVING FEDERAL FUNDS**

**[GOVERNMENT]**

(1) Count Three of the indictment charges the defendants with soliciting bribes and kickbacks concerning programs receiving federal funds in violation of federal law. Count Four of the indictment charges the defendants with offering bribes and kickbacks concerning programs receiving federal funds in violation of federal law. For you to find the defendants guilty of these crimes, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, for Count Three, that at the time alleged, defendant Casada was an agent of the State of Tennessee. For Count Four, that at the time alleged, defendant Casada and Robin Smith were agents of the State of Tennessee.

(B) Second, that the State of Tennessee received benefits in excess of $10,000 under a Federal program involving any form of Federal assistance in a one-year period.

(C) Third, for Count Three, that defendant Casada accepted, agreed to accept, solicited, or demanded things of value from defendant Cothren. For Count Four, that defendant Cothren gave, offered, or agreed to give things of value to defendant Casada or Robin Smith.

(D) Fourth, for Count Three, that defendant Casada intended to be influenced or rewarded in connection with any business, transaction, or series of transactions of the State of Tennessee involving anything of value of $5,000 or more. For Count Four, that defendant Cothren intended to influence or reward defendant Casada or Robin Smith in connection with any business, transaction, or series of transactions of the State of Tennessee involving anything of value of $5,000 or more.

42

(E) And fifth, that the defendant acted corruptly.   A person acts corruptly when that person acts with the intent that something of value is given or offered to reward or influence an agent of a government in exchange for an official act or acts taken, or to be taken, by the agent.   An agent acts corruptly when that agent accepts or solicits something of value with the intent to be rewarded or influenced in exchange for taking an official act or acts.

(2) Terms that I already defined when I instructed you with respect to Count Two—such as "agent" and "in a one-year period"—have the same definition with respect to Counts Three and Four.

<u>Authority</u>

Final Jury Instructions, *United States v. Hills et al.*, No. 1:16-cr-329, ECF No. 360 at 67 (N.D. Ohio Oct. 1, 2018), *aff'd*, 27 F.4th 1155 (4th Cir. 2022), *cert. denied*, 143 S. Ct. 305 (Oct. 11, 2022), 143 S. Ct. 606 (Jan. 9, 2023).

William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit 304 (2023)

*Snyder v. United States*, 603 U.S. 1, 19 (2024)

18 U.S.C. § 666(a)(1)(B) & (a)(2)

**COURT'S INSTRUCTION NO. \_\_\_\_**

**BUSINESS, TRANSACTION, OR SERIES OF TRANSACTIONS—DEFINED**

**[GOVERNMENT]**

The phrase "business or transaction or series of transactions" refers to the business of the covered entity, here, the State of Tennessee. The business, transaction, or series of transactions must be a discrete, actionable item under the purview of the covered entity. It cannot be something as general as broad policy matters relevant to the covered entity. The terms "business" and "transaction" do not include a typical meeting, call, or event, without more.

The following actions performed or agreed to be performed by the public official, without more, are not sufficient to establish a violation: setting up a meeting, hosting an event, talking to another official, sending a subordinate to a meeting, or simply expressing support for a constituent. You may, however, consider evidence that a public official took those actions as evidence of a corrupt agreement, and the government may satisfy its burden by proving that the public official took those actions in order to exert pressure on another official or to provide advice to another official, knowing or intending such advice to form the basis for action by that official. You may consider all of the evidence in the case, including the nature of the transaction, in determining whether the conduct constituted a violation of the statute.

Authority:

*McDonnell v. United States*, 579 U.S. 550, 567–72 (2016)

*United States v. Lindberg*, 39 F.4th 151, 175 (4th Cir. 2022)

44

**COURT'S INSTRUCTION NO. ____**

**VALUE OF BUSINESS OR TRANSACTION**

**[GOVERNMENT]**

The government must prove that the value of the business, transaction, or series of transactions at issue was $5,000 or more. You may consider the value of the alleged bribe as evidence of the value of the business, transaction, or series of transactions. However, you must still find that the value of the business, transaction, or series of transactions itself was $5,000 or more, and you may use any evidence in the case in determining value.

Authority

*United States v. Lindberg*, 39 F.4th 151, 174–75 (4th Cir. 2022)

**COURT'S INSTRUCTION NO. ____**

**NEXUS TO FEDERAL FUNDS NOT REQUIRED**

**[GOVERNMENT]**

The government does not have to prove that federal funds were involved in the bribery transaction, or that the bribe had any particular influence on federal funds.

Authority

*Salinas v. United States*, 522 U.S. 52, 61 (1997)

**COURT'S INSTRUCTION NO. \_\_\_\_**

**INFLUENCE OR REWARD—DEFINED**

**[GOVERNMENT]**

To influence means that a payment was made before the official action. To reward means that a payment was made afterwards. Payments made to influence official action and to reward official action are both prohibited, but payments made without corrupt intent are not criminal acts.

Payments made with no more than some generalized hope or expectation of ultimate benefit on the part of the donor (sometimes referred to as "goodwill gifts") are not bribes since they are not made with the intent to engage in a relatively specific *quid pro quo* with an official.

Authority

*Snyder v. United States*, 603 U.S. 1, 19 (2024) ("the word 'reward' 'clarifies that a bribe can be promised before, but paid after, the official's action'" (quoting *United States v. Fernandez*, 722 F.3d 1, 23 (1st Cir. 2013)).

**COUNT THREE: BRIBERY AND KICKBACKS CONCERNING PROGRAMS
RECEIVING FEDERAL FUNDS
18 U.S.C. §§ 666(a)(1)(B)
DEFENDANT CASADA**

**[DEFENSE]**

Count Three of the Indictment charges Defendant Casada with corruptly soliciting or accepting things of value (monetary payments) from Defendant Cothren with the intent to be influenced or rewarded in connection with certain transactions of the State of Tennessee. For you to find Defendant Casada guilty of violating 18 U.S.C. § 666(a)(1)(B), the prosecution must prove each of the following elements beyond a reasonable doubt:

1) First, that Defendant Casada was acting in his capacity as an elected representative of the Tennessee General Assembly in connection with the events alleged in the Indictment;

2) Second, that the State of Tennessee received, in any one-year period, benefits in excess of $10,000 under a federal program involving any form of federal assistance;

3) Third, during the one-year period, Defendant Casada corruptly solicited, demanded, accepted, or agreed to accept from Defendant Cothren, something of value: that is, monetary payments;

4) Fourth, in exchange for receiving the monetary payments, Defendant Casada corruptly intended to be influenced and rewarded in connection with a transaction, or series of transactions, of the State of Tennessee;

5) Fifth, Defendant Casada's agreement with Defendant Cothren consisted of a *quid pro quo.* The *quid pro quo* was a bribery or kickback agreement made in advance, with:

A) the specific intent of Defendant Cothren to make monetary payments to Defendant Casada in exchange for a future official act of Defendant Casada; and

B) the specific intent of Defendant Casada to *perform* an official act in exchange for the monetary payments from Defendant Cothren;

6) Sixth, the money paid to the Defendants by the State of Tennessee had a value of $5,000 or more, excluding bona fide salaries, wages, fees, or other compensation paid in the usual course of business; and

7) Seventh, the money paid by the State of Tennessee was not bona fide salaries, wages, fees, or other compensation paid in the usual course of business.

If you are convinced that the prosecution has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find Defendant Casada not guilty of this charge.

The terms used in 18 U.S.C. § 666(a) have the following meanings:

1) An "agent" is a person authorized to act on behalf of another person, organization, or a prosecution and, in the case of an organization or prosecution, includes a servant or employee, partner, officer, or director.

2) The parties agree that Defendant Casada was an elected representative of the Tennessee General Assembly during the period alleged in the Indictment. The prosecution's position is that Defendant Casada was acting as an authorized agent of the State of Tennessee in connection with the events alleged in the Indictment. Defendants disagree. It is for you to decide in which capacity Defendant Casada was acting in connection with the events alleged in the Indictment.

49

3) A "government agency" is a subdivision of the executive, legislative, judicial, or other branch of government, including a department, independent establishment, commission, administration, authority, board, bureau, and a corporation or other legal entity established and subject to control by a government or governments for the execution of a governmental or intergovernmental program.

4) A "State" means a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

5) "In any one-year period" means a continuous period that commences no earlier than twelve months before the commission of the offense or that ends no later than twelve months after the commission of the offense. Such period may include time both before and after the commission of the offense.

6) It was permissible under Tennessee state law for Defendant Casada to own and operate a private consulting company and provide certain services, including the services at issue in this case, to members of the Tennessee General Assembly.[45]

7) A "bribe" or a "kickback" is a payment made or promised corruptly, that is, with the intent to receive an official act in return for the payment.

8) "Corruptly" means an intent to give some advantage inconsistent with official duty and the rights of others.[46] You can use whether Defendants actually performed the work and charged a fair price in doing so to assess this intent.

---

[45] Source: Tenn. Code Ann. §§ 2-10-122(1) (2012), 2-10-123 (2014).
[46] Source: *United States v. Buendia*, 907 F.3d 399, 402 (6th Cir. 2018).

9) It is not a violation of federal law for a public official to engage in undisclosed self-dealing.[47]  Undisclosed self-dealing is the taking of official action by a public official that furthers his own undisclosed financial interest while purporting to act in the interests of those to whom he owes a fiduciary duty.[48]

10) It is not a violation of federal law for a public official to engage in a transaction in which he may have had a conflict of interest.[49]  This statute does not authorize federal prosecutors to set standards of disclosure and good government for state officials.[50]

11) It is not a violation of federal law for public officials to accept gratuities or gifts for past actions—it is only a federal crime for public officials to agree to accept bribes promised or given before an official act.[51]

12) The prosecution must do two things to prove an "official act":[52]

   A) First, the prosecution must prove a question, matter, cause, suit, proceeding or controversy that may at any time be pending or may by law be brought before a public official. This requires a proof of a formal exercise of governmental power that is similar in nature to a lawsuit before a court, a determination before an agency, or a hearing before a committee. It must also be something specific and focused that is pending or may by law be brought before a public official; and

---

[47] Source: *Skilling v. United States,* 561 U.S. 358, 409 (2010).
[48] Source: Br. of United States, *Skilling v. United States,* at 08-1394 (2010), pp. 33-34.
[49] Source: *Skilling v. United States,* 561 U.S. 358, 409 (2010).
[50] Source: *Kelly v. United States*, 590 U.S. 391, 399 (2020).
[51] Source: *United States v. Snyder*, 603 U.S. 1, 10 (2024) ("Section 666(a)(1)(B) makes it a crime for state and local officials to 'corruptly' accept a payment 'intending to be influenced or rewarded' for an official act.") (abrogating, *e.g.*, *United States v. Abbey*, 560 F.3d 513 (6th Cir. 2009)).
[52] Source: *McDonnell v. United States*, 579 U.S. 550, 554 (2016).

B) Second, the prosecution must prove that the public official made a decision or took an action on that question, matter, cause, suit, proceeding, or controversy that may at any time be pending or may by law be brought before a public official. That decision or action may include using his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that such advice will form the basis for an official act by another official. Setting up a meeting, talking to another official, or organizing an event or agreeing to do so, without more, does not count as an "official" decision or action on that matter.

13) Examples of official actions include: a judge's ruling in a case, a government agency making certain rulings, or a state legislator voting in a committee or on legislation. Administrative functions of government, such as processing or making payments, are not official acts.

14) "Bona fide compensation" paid in the usual course of business means money paid for actual performance of work. You may not consider any acts Defendants took in securing the work in determining whether the payments Defendant Casada received were bona fide compensation paid in the usual course of business. You must focus solely on whether Defendant Casada performed the services for which he was paid.[53]

---

[53] Sources: *United States v. Mills*, 140 F.3d 630, 633-634 (6th Cir. 1998);
*United States v. Mann*, No. 97-6179, 1999 U.S. App. LEXIS 160, at *6-8 (6th Cir. Jan. 4, 1999) (not intended for full text publication).

15) For this Count, you may only convict if the prosecution has proven that Defendant Casada received more than $5,000 in non "bona fide" payments.[54]

---

[54] Sources: *United States v. Mills*, 140 F.3d 630, 634 (6th Cir. 1998) ("The acceptance of monetary payments by government officials for the procurement of jobs with a county law enforcement agency is reprehensible and a perversion of the ideal of fairness in government service. In its wisdom, however, Congress has apparently determined that all such instances of bribery do not merit the attention of the federal courts. Instead, many such transgressions are best left to state judicial systems for prosecution, conviction, and punishment. To differentiate between those cases to be handled in the federal system and those cases to be prosecuted in state court, Congress imposed monetary valuation thresholds on the governments and agencies subject to federal bribery laws and to the specific acts sought to be criminalized"); *Kelly v. United States*, 590 U.S. 391, 404, 140 S. Ct. 1565, 1574, 206 L. Ed. 2d 882 (2020) ("But not every corrupt act by state or local officials is a federal crime.").

**COURT'S INSTRUCTION NO. \_\_\_\_**

**COUNT THREE: AIDING AND ABETTING[55] BRIBERY AND KICKBACKS
CONCERNING PROGRAMS RECEIVING FEDERAL FUNDS
18 U.S.C. §§ 666(a)(1)(B), 2
DEFENDANT COTHREN**

**[DEFENSE]**

1) For you to find Defendant Cothren guilty of Bribery and Kickbacks Concerning Programs
Receiving Federal Funds under 18 U.S.C. § 666(a)(1)(B) ("Federal Program Bribery and
Kickbacks"), it is not necessary for you to find that he personally committed the crime.
You may also find him guilty if he intentionally helped someone else—here, Defendant
Casada—to commit the crime. A person who does this is called an aider and abettor.

2) But for you to find Defendant Cothren guilty of Federal Program Bribery and Kickbacks
under 18 U.S.C. §§ 666(a)(1)(B), as an aider and abettor, you must be convinced that the
prosecution has proved each and every one of the following elements beyond a reasonable
doubt:

    A) First, that Defendant Casada committed the crime of Federal Program Bribery and
Kickbacks;

    B) Second, that Defendant Cothren helped Defendant Casada to commit that crime;
and

    C) Third, Defendant Cothren intended to help Defendant Casada commit that crime.

3) Proof that Defendant Cothren may have known about the crime, even if he was there when
it was committed, is not enough for you to find him guilty. You can consider this in

---

[55] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 4.01 (Aiding and
Abetting).

54

deciding whether the prosecution has proved that he was an aider and abettor, but without more it is not enough. What the prosecution must prove is that Defendant Cothren did something to help the crime with the intent that the crime be committed.

If you are convinced that the prosecution has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find Defendant Cothren not guilty of this charge.

**COURT'S INSTRUCTION NO. \_\_\_\_**

**COUNT FOUR: BRIBERY AND KICKBACKS CONCERNING PROGRAMS
RECEIVING FEDERAL FUNDS
18 U.S.C. §§ 666(a)(2), 2
DEFENDANT COTHREN**

**[DEFENSE]**

Count Four of the Indictment charges Defendant Cothren with corruptly giving things of value (monetary payments) to Defendant Casada with the intent to influence or reward him in connection with certain transactions of the State of Tennessee. For you to find Defendant Cothren guilty of violating 18 U.S.C. § 666(a)(2), the prosecution must prove each of the following elements beyond a reasonable doubt:

1) First, that that Defendant Casada was acting in his capacity as an elected representative of the Tennessee General Assembly in connection with the events alleged in the Indictment;

2) Second, that the State of Tennessee received, in any one-year period, benefits in excess of $10,000 under a federal program involving any form of federal assistance;

3) Third, during the one-year period, Defendant Cothren corruptly gave Defendant Casada something of value: that is, monetary payments;

4) Fourth, in exchange for making the monetary payments, Defendant Cothren corruptly intended to influence and reward Defendant Casada in connection with a transaction, or series of transactions, of the State of Tennessee;

5) Fifth, Defendant Cothren's agreement with Defendant Casada consisted of a *quid pro quo.* The *quid pro quo* was a bribery or kickback agreement made in advance, with:

A) the specific intent of Defendant Cothren to make monetary payments to Defendant Casada in exchange for a future official act of Defendant Casada; and

56

B) the specific intent of Defendant Casada to *perform* an official act in exchange for the monetary payments from Defendant Cothren;

6) Sixth, the money paid to the Defendants by the State of Tennessee had a value of $5,000 or more, excluding bona fide salaries, wages, fees, or other compensation paid in the usual course of business;

7) Seventh, the money paid by the State of Tennessee was not bona fide salaries, wages, fees, or other compensation paid in the usual course of business.

If you are convinced that the prosecution has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find Defendant Cothren not guilty of this charge.

The terms used in 18 U.S.C. § 666(a) have the following meanings:

1) An "agent" is a person authorized to act on behalf of another person, organization, or a prosecution and, in the case of an organization or prosecution, includes a servant or employee, partner, officer, or director.

2) The parties agree that Defendant Casada was an elected representative of the Tennessee General Assembly during the period alleged in the Indictment. The prosecution's position is that Defendant Casada was acting as an authorized agent of the State of Tennessee in connection with the events alleged in the Indictment. Defendants disagree. It is for you to decide in which capacity Defendant Casada was acting in connection with the events alleged in the Indictment.

57

3) A "government agency" is a subdivision of the executive, legislative, judicial, or other branch of government, including a department, independent establishment, commission, administration, authority, board, bureau, and a corporation or other legal entity established and subject to control by a government or governments for the execution of a governmental or intergovernmental program.

4) A "State" means a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

5) "In any one-year period" means a continuous period that commences no earlier than twelve months before the commission of the offense or that ends no later than twelve months after the commission of the offense. Such period may include time both before and after the commission of the offense.

6) It was permissible under Tennessee state law for Defendant Casada to own and operate a private consulting company and provide certain services, including the services at issue in this case, to members of the Tennessee General Assembly.[56]

7) A "bribe" or a "kickback" is a payment made or promised corruptly, that is, with the intent to receive an official act in return for the payment.

8) "Corruptly" means an intent to give some advantage inconsistent with official duty and the rights of others.[57] You can use whether Defendants actually performed the work and charged a fair price in doing so to assess this intent.

---

[56] *See* Tenn. Code Ann. §§ 2-10-122(1) (2012), 2-10-123 (2014).
[57] *United States v. Buendia*, 907 F.3d 399, 402 (6th Cir. 2018).

58

9) It is not a violation of federal law for a public official to engage in undisclosed self-dealing.[58]  Undisclosed self-dealing is the taking of official action by a public official that furthers his own undisclosed financial interest while purporting to act in the interests of those to whom he owes a fiduciary duty.[59]

10) It is not a violation of federal law for a public official to engage in a transaction in which he may have had a conflict of interest.[60]

11) It is not a federal crime for public officials to accept gratuities or gifts for past actions—it is only a federal crime for public officials to agree to accept bribes promised or given before an official act.[61]

12) The prosecution must do two things to prove an "official act":[62]

   A) First, the prosecution must prove a question, matter, cause, suit, proceeding or controversy that may at any time be pending or may by law be brought before a public official. This requires a proof of a formal exercise of governmental power that is similar in nature to a lawsuit before a court, a determination before an agency, or a hearing before a committee. It must also be something specific and focused that is pending or may by law be brought before a public official; and

   B) Second, the prosecution must prove that the public official made a decision or took an action on that question, matter, cause, suit, proceeding, or controversy that may

---

[58] *Skilling v. United States,* 561 U.S. 358, 409 (2010).
[59] Br. of United States, *Skilling v. United States,* at 08-1394 (2010), pp. 33-34.
[60] *Skilling v. United States,* 561 U.S. 358, 409 (2010).
[61] Source: *United States v. Snyder*, 603 U.S. 1, 10 (2024) ("Section 666(a)(1)(B) makes it a crime for state and local officials to 'corruptly' accept a payment 'intending to be influenced or rewarded' for an official act.") (abrogating, *e.g.*, *United States v. Abbey*, 560 F.3d 513 (6th Cir. 2009)).
[62] Source: *McDonnell v. United States*, 579 U.S. 550, 554 (2016).

59

at any time be pending or may by law be brought before a public official. That decision or action may include using his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that such advice will form the basis for an official act by another official. Setting up a meeting, talking to another official, or organizing an event or agreeing to do so, without more, does not count as an "official" decision or action on that matter.

13) Examples of official actions include: a judge's ruling in a case, a government agency making certain rulings, or a state legislator voting in a committee or on legislation. Administrative functions of government, such as processing or making payments, are not official acts.

14) "Bona fide compensation" paid in the usual course of business means money paid for actual performance of work. You may not consider any acts Defendants took in securing the work in determining whether the payments received by the Defendants were bona fide compensation paid in the usual course of business. You must focus solely on whether Defendant Casada performed the services for which he was paid.[63]

15) For this Count, you may only convict if the prosecution has proven that Defendant Casada received more than $5,000 in non "bona fide" payments.[64]

---

[63] Sources: *United States v. Mills*, 140 F.3d 630, 633-634 (6th Cir. 1998); *United States v. Mann*, 172 F.3d 50 (6th Cir. 1999) (citing the district court's reasoning that "The intent of Congress was to avoid federal prosecution of employees who left early, took long lunch hours, unwarranted vacations or inflated their qualifications as long as they held de facto employment.").

[64] Sources: *United States v. Mills*, 140 F.3d 630, 634 (6th Cir. 1998) ("The acceptance of monetary payments by government officials for the procurement of jobs with a county law enforcement agency is reprehensible and a perversion of the ideal of fairness in government service. In its wisdom, however, Congress has apparently determined that all such instances of bribery do not

60

**COURT'S INSTRUCTION NO. \_\_\_\_**

**COUNT FOUR: AIDING AND ABETTING[65]  BRIBERY AND KICKBACKS
CONCERNING PROGRAMS RECEIVING FEDERAL FUNDS
18 U.S.C. §§ 666(a)(2), 2
DEFENDANT CASADA**

**[DEFENSE]**

1) For you to find Defendant Casada guilty of Bribery and Kickbacks Concerning Programs Receiving Federal Funds under 18 U.S.C. §§ 666(a)(2) ("Federal Program Bribery and Kickbacks"), it is not necessary for you to find that he personally committed the crime. You may also find him guilty if he intentionally helped someone else—here, Defendant Cothren—to commit the crime. A person who does this is called an aider and abettor.

2) But for you to find Defendant Casada guilty of Federal Program Bribery and Kickbacks under 18 U.S.C. §§ 666(a)(1)(B), as an aider and abettor, you must be convinced that the prosecution has proved each and every one of the following elements beyond a reasonable doubt:

    A) First, that Defendant Cothren committed the crime of Federal Program Bribery and Kickbacks;

    B) Second, that Defendant Casada helped Defendant Cothren to commit that crime; and

---

merit the attention of the federal courts. Instead, many such transgressions are best left to state judicial systems for prosecution, conviction, and punishment. To differentiate between those cases to be handled in the federal system and those cases to be prosecuted in state court, Congress imposed monetary valuation thresholds on the governments and agencies subject to federal bribery laws and to the specific acts sought to be criminalized"); *Kelly v. United States*, 590 U.S. 391, 404, 140 S. Ct. 1565, 1574, 206 L. Ed. 2d 882 (2020) ("But not every corrupt act by state or local officials is a federal crime.").

[65] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 4.01 (Aiding and Abetting).

C) Third, Defendant Casada intended to help Defendant Cothren commit that crime.

3) Proof that Defendant Casada may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the prosecution has proved that he was an aider and abettor, but without more it is not enough. What the prosecution must prove is that Defendant Casada did something to help the crime with the intent that the crime be committed.

If you are convinced that the prosecution has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find Defendant Casada not guilty of this charge.

**COURT'S INSTRUCTION NO. \_\_\_\_**

**COUNTS FIVE THROUGH TEN: HONEST SERVICES WIRE FRAUD**

**[GOVERNMENT]**

(1) Counts Five through Ten of the indictment charge the defendants with honest services wire fraud through bribery and kickbacks.   For you to find the defendants guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

>   (A) First, that the defendant participated in, devised, or intended to devise a scheme to defraud the public of its right to honest services or a public official through bribery or kickbacks;
>
>   (B) Second, that the scheme or artifice to defraud involved a material misrepresentation, false statement, false pretense, or concealment of material fact;
>
>   (C) Third, that the defendant did so knowingly and with the intent to defraud; and
>
>   (D) Fourth, that in advancing, or furthering, or carrying out this scheme to defraud, the defendant transmitted, or caused to be transmitted, any writing, signal, or sound by means of a wire communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire communication in interstate commerce.

(2) Now I will give you more detailed instructions on some of these terms.

Authority

Sixth Circuit Pattern Jury Instruction No. 2.02, 10.02

Final Jury Instructions, *United States v. Hills et al.*, No. 1:16-cr-329, ECF No. 360 at 92, 100–101 (N.D. Ohio Oct. 1, 2018), *aff'd*, 27 F.4th 1155 (4th Cir. 2022), *cert. denied*, 143 S. Ct. 305 (Oct.

11, 2022), 143 S. Ct. 606 (Jan. 9, 2023).

Final Jury Instructions, *United States v. McCabe*, No. 2:19-cr-00171, ECF No. 181 (E.D. Va. Oct. 12, 2021), *aff'd*, 103 F.4th 259 (4th Cir. 2024), *cert. denied*, No. 24-5480 (Oct. 15, 2024).

O'Malley et al., 2A Fed. Jury Prac. & Instr. § 47:07 (6th ed. 2024) (modified), available at Westlaw

*Skilling v. United States*, 561 U.S. 358, 412–413 (2010)

# COURT'S INSTRUCTION NO. ____

## COUNTS FIVE THROUGH TEN: INTERSTATE WIRES CHARGED

## [GOVERNMENT]

As to the fourth element of honest-services wire fraud, Counts Five through Ten charge that, in advancing, or furthering, or carrying out this scheme to defraud, the following writings, signals, or sounds by means of a wire communication were transmitted or caused to be transmitted in interstate commerce:

| Count | Approximate Date | Description |
|---|---|---|
| 5 | January 15, 2020 | Email from matthew@powerofphoenix.com to the Tennessee House Majority Caucus Advisor containing a PDF of an Internal Revenue Service Form W-9 signed by "Matthew Phoenix" |
| 6 | January 24, 2020 | Email from Individual 4 to House Speaker's Acting Chief of Staff reading: "Don't crush her, but [the Director of Legislation has] been telling this vendor that the check's on the way for about two weeks. It's guys from [Consulting Firm 1] who did mail two years ago that left and started their own gig...tired of doing the DC/Trump stuff. Thanks." |
| 7 | February 5, 2020 | Apple iMessage from **CASADA** to Individual 4 reading: "wanted to know if we needed to meet with [the Director of Legislation] to try to push reimbursement along." |
| 8 | February 10, 2020 | Apple iMessage from Individual 4 to **COTHREN** reading: "Went by mailbox early this morning and no$. Have appt tomorrow at 5 with [the Director of Legislation]. She'd best have some answers." |
| 9 | February 11, 2020 | Apple iMessage from **CASADA** to Individual 4 reading: "Just curious what did you find out from [the Director of Legislation] today?" |
| 10 | June 22, 2020 | Email from Individual 4 to the Director of Legislation reading: "[Director of Legislation], I was cc'd on this last week . . . .  It would be either illegal or unethical to move to print without knowing payment was coming, so the bulk permit number is provided on the invoice.   Simpler, asking a firm to be liable for the cost with the printing completed before knowing payment may or may not be approved is suspect.   Is there something going on?" |

**COURT'S INSTRUCTION NO. \_\_\_\_**

**EACH TRANSMISSION BY WIRE COMMUNICATION IN INTERSTATE COMMERCE—DEFINED**

**[GOVERNMENT]**

Each use of the transmission by wire communication in interstate commerce to advance, or to further, or to carry out the scheme or plan to defraud may be a separate violation of the wire fraud statutes.

Authority

O'Malley *et al.*, 2A Fed. Jury Prac. & Instr. § 47:15 (6th ed. 2024) (modified), *available at* Westlaw

**COURT'S INSTRUCTION NO. ____**

**SCHEME TO DEFRAUD—DEFINED**

**[GOVERNMENT]**

The first element of honest-services wire fraud is that the defendant knowingly devised or participated in a scheme to defraud the public of its right to a public official's honest services through bribery or kickbacks.

A scheme is any plan or course of action formed with the intent to accomplish some purpose. A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property or honest services by means of false or fraudulent pretenses, representations, or promises. Thus, to prove "a scheme to defraud the public of its right to the honest services of a public official through bribery or kickbacks," the government must prove beyond a reasonable doubt that the defendant devised or participated in a plan or course of action involving bribes or kickbacks given or offered to a public official, or solicited or accepted by a public official.

The term "false or fraudulent pretenses, representations, or promises" means any false statements or assertions that concern a material aspect of the matter in question that were either known to be untrue when made or made with reckless indifference to their truth. They include actual direct false statements as well as half-truths and the knowing concealment of material facts.

It is not necessary for the government to prove that the defendant was actually successful in defrauding anyone. An unsuccessful scheme or plan to defraud is as illegal as a scheme or plan that is ultimately successful.

<u>Authority</u>

Sixth Circuit Pattern Jury Instruction No. 2.02, 10.02.

Final Jury Instructions, *United States v. Hills et al.*, No. 1:16-cr-329, ECF No. 360 at 98–99 (N.D. Ohio Oct. 1, 2018), *aff'd*, 27 F.4th 1155 (4th Cir. 2022), *cert. denied*, 143 S. Ct. 305 (Oct. 11, 2022), 143 S. Ct. 606 (Jan. 9, 2023).

Final Jury Instructions, *United States v. McCabe*, No. 2:19-cr-00171, ECF No. 181 (E.D. Va. Oct. 12, 2021), *aff'd*, 103 F.4th 259 (4th Cir. 2024), *cert. denied*, No. 24-5480 (Oct. 15, 2024)

O'Malley *et al.*, 2A Fed. Jury Prac. & Instr. § 47:13 (6th ed. 2024) (modified), *available at* Westlaw

*Skilling v. United States*, 561 U.S. 358, 412–13 (2010)

**COURT'S INSTRUCTION NO. ____**

**A PUBLIC OFFICIAL'S FIDUCIARY DUTY TO THE PUBLIC**

**[GOVERNMENT]**

A public official or employee, such as a State Representative, owes a duty of honest, faithful, and disinterested service to the public and to the government that he or she serves. The public relies on officials of the government to act for the public interest, not for their own enrichment. A public official who accepts a bribe or a kickback, that is, something of value in exchange for or as an award for favorable treatment, breaches the duty of honest, faithful, and disinterested service. While outwardly appearing to be exercising independent judgment in his or her official work, the public official instead has been paid privately for his public conduct. Thus, the public and the government he or she serves is not receiving the public official's honest and faithful service to which it is entitled.

Authority

Final Jury Instructions, *United States v. Hills et al.*, No. 1:16-cr-329, ECF No. 360 at 92–93 (N.D. Ohio Oct. 1, 2018), *aff'd*, 27 F.4th 1155 (6th Cir. 2022), *cert. denied*, 143 S. Ct. 305 (2022), 143 S. Ct. 606 (2023).

Final Jury Instructions, *United States v. McCabe*, No. 2:19-cr-00171, ECF No. 181 (E.D. Va. Oct. 12, 2021), *aff'd*, 103 F.4th 259 (4th Cir. 2024), *cert. denied*, No. 24-5480 (Oct. 15, 2024).

*Skilling v. United States*, 561 U.S. 408 n.41 (2010) (noting that the "existence of a fiduciary relationship" between a public official and the public is "beyond dispute").

COURT'S INSTRUCTION NO. _____

BRIBERY—*QUID PRO QUO*

[GOVERNMENT]

Bribery and kickbacks involve the exchange of a thing or things of value for official action by a public official. In other words, a *quid pro quo*, a Latin phrase meaning this or that, or these for those. Bribery and kickbacks also include offers and solicitations of things of value in exchange for official action. That is, for the payor, bribery and kickbacks include the offer or agreement to provide a thing of value to a public official in exchange for official action, whether or not the public official actually accepts the thing of value or agrees to perform the official action. For the public official, bribery and kickbacks include the public official's solicitation or agreement to accept a thing of value in exchange for official action, whether or not the payor actually provides the thing of value and whether or not the public official ultimately performs the requested official action or intends to do so.

The public official and the payor need not state the *quid pro quo* in express terms, for otherwise the law's effect could be frustrated by knowing winks, nods, and coded phrases. Rather, the intent to exchange may be established by circumstantial evidence based upon the defendant's words, conduct, acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

Bribery and kickbacks require the intent to effect an exchange of money or other thing of value for official action, but each payment need not be correlated with a specific official act. The requirement that there be a payment of a thing of value in return for the performance of an official act is satisfied so long as the evidence shows a course of conduct or a stream of benefits of things of value flowing to a public official in exchange for a pattern of official actions favorable to the

70

donor.   In other words, the intended exchange in bribery can be this for these or these for these.   Not just this for that.   Further, it is not necessary for the government to prove that the defendant intended to perform a set number of official acts in return for the payments.   Thus, all that must be shown is that payments were made with the intent of securing a specific type of official action in return.   For example, payments may be made with the intent to retain the official's services on an as-needed basis, so that whenever the opportunity presents itself, the public official will take specific official actions on the giver's behalf.

It is not a defense to claim that a public official would have lawfully performed the official action in question even without having accepted a thing of value.   In other words, it is not a defense that the offer or promise of anything of value was made to the public official in exchange for an official action that is actually lawful, desirable or even beneficial to the public.   The offense of honest services fraud is not concerned with the wisdom or results of the public official's decisions, but rather with the manner in which the public official makes his decisions.

Also, it is not necessary for the government to prove that the scheme actually succeeded or that any official act was actually taken by the public official in the course of the scheme.   What the government must prove is that the defendant knowingly devised or participated in a scheme or artifice to defraud the public and the government of their right to his honest services through bribes or kickbacks.

Also, because people rarely act for a single purpose, the giver need not have offered or provided the thing of value only in exchange for specific official actions and the public official need not have solicited or accepted the thing of value only in exchange for the performance of official action.   If you find beyond a reasonable doubt that a defendant gave, offered, or provided a thing of value in exchange for the performance of official action, then it makes no difference that

the giver may also have had another lawful motive, such as friendship, for providing a thing of value. Likewise, if you find beyond a reasonable doubt that a defendant solicited or received as a public official a thing of value in exchange for the performance of official action, then it makes no difference that the public official may also have had another lawful motive for soliciting or receiving the thing of value. However, property given with the sole motive of cultivating friendship or generalized good will is not a bribe.

Authority

Final Jury Instructions, *United States v. Hills et al.*, No. 1:16-cr-329, ECF No. 360 at 93–96 (N.D. Ohio Oct. 1, 2018), *aff'd*, 27 F.4th 1155 (6th Cir. 2022), *cert. denied*, 143 S. Ct. 305 (2022), 143 S. Ct. 606 (2023).

Final Jury Instructions, *United States v. McCabe*, No. 2:19-cr-00171, ECF No. 181 (E.D. Va. Oct. 12, 2021), *aff'd*, 103 F.4th 259 (4th Cir. 2024), *cert. denied*, No. 24-5480 (Oct. 15, 2024).

*City of Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 378 (1991) ("A mayor is guilty of accepting a bribe even if he would and should have taken, in the public interest, the same action for which the bribe was paid.")

*United States v. Coyne*, 4 F.3d 100, 113 (2d Cir. 1993) ("[A] valid purpose that partially motivates a transaction does not insulate participants in an unlawful transaction from criminal liability.")

*United States v. Woodward*, 149 F.3d 46, 71 (1st Cir. 1998) ("A defendant may be prosecuted for deprivation of honest services if he has a 'dual intent,' i.e., if he is found to have intended both a lawful and an unlawful purpose to some degree.")

O'Malley *et al.*, 2A Fed. Jury Prac. & Instr. § 27:11 (6th ed. 2024) (modified), *available at* Westlaw

*McDonnell v. United States*, 579 U.S. 550, 567–72 (2016)

## COURT'S INSTRUCTION NO. _____

## "OFFICIAL ACT"—DEFINED

## [GOVERNMENT]

Now I will define the term "official act." "Official act" means any decision or action on any question, matter, cause, suit, proceeding, or controversy which may at any time be pending or which may by law be brought before any public official in such public official's official capacity or in such official's place of trust or profit. This definition of official act has two parts.

First, the evidence must show a question, matter, cause, suit, proceeding, or controversy that may at any time be pending or may by law be brought before a public official. A question, matter, cause, suit, proceeding, or controversy must involve a formal exercise of governmental power and must be something specific and focused.

Second, the government must prove that the public official made a decision or took an action on the question or matter or agreed to do so. The decision or action may include using an official position to exert pressure on another official to perform an official act or providing advice to another official knowing or intending that such advice will form the basis of an official act by another official.

Under this definition, setting up a meeting, calling another public official, or hosting an event does not, standing alone, qualify as an official act. You may, however, consider evidence that a public official set up a meeting, hosted an event, talked to another official, expressed support, or sent a subordinate as evidence of an agreement to take an official act. You may consider all the evidence in this case, including the nature of the transaction, in determining whether the conduct involved an official act.

The defendant need not have a direct role in the official act. An indirect role is sufficient.

Actual authority over the end result is not required.

<u>Authority</u>

Final Jury Instructions, *United States v. Hills et al.*, No. 1:16-cr-329, ECF No. 360 at 97–98 (N.D. Ohio Oct. 1, 2018), *aff'd*, 27 F.4th 1155 (6th Cir. 2022), *cert. denied*, 143 S. Ct. 305 (2022), 143 S. Ct. 606 (2023).

Final Jury Instructions, *United States v. McCabe*, No. 2:19-cr-00171, ECF No. 181 (E.D. Va. Oct. 12, 2021), *aff'd*, 103 F.4th 259 (4th Cir. 2024), *cert. denied*, No. 24-5480 (Oct. 15, 2024).

18 U.S.C. § 201(a)(3)

*McDonnell v. United States*, 579 U.S. 550, 567–72 (2016)

**COURT'S INSTRUCTION NO. \_\_\_\_**

**"ANYTHING OF VALUE"—DEFINED**

**[GOVERNMENT]**

"Anything of value" includes things possessing intrinsic value, whether tangible or intangible, that the person giving or offering, or the person soliciting or receiving, considers to be worth something. This includes a sum of money, a job, or a service.

Authority

Final Jury Instructions, *United States v. Hills et al.*, No. 1:16-cr-329, ECF No. 360 at 98 (N.D. Ohio Oct. 1, 2018), *aff'd*, 27 F.4th 1155 (6th Cir. 2022), *cert. denied*, 143 S. Ct. 305 (2022), 143 S. Ct. 606 (2023).

# COURT'S INSTRUCTION NO. ____

## MATERIALITY—DEFINED

## [GOVERNMENT]

The second element of honest-services wire fraud is that the scheme or artifice to defraud involved a material misrepresentation, false statement, false pretense, or concealment of material fact.

A statement, representation, promise, pretense, or concealed fact is material if it has a natural tendency to influence or is capable of influencing the decision of the public, person, or entity to which it is addressed. The government can prove materiality in either of two ways.

First, a statement, representation, promise, pretense, or concealed fact is material if a reasonable person would attach importance to its existence or nonexistence in determining his or her choice of an action in the transaction in question.

Second, a statement, representation, promise, pretense, or concealed fact could be material, even though only an unreasonable person would rely on it, if the person who made the statement knew or had reason to know the recipient was likely to rely on it.

In determining materiality, you should know that naivety, carelessness, negligence, or stupidity of a victim does not excuse criminal conduct, if any, on the part of the defendant.

Authority

Final Jury Instructions, *United States v. Hills et al.*, No. 1:16-cr-329, ECF No. 360 at 99 (N.D. Ohio Oct. 1, 2018), *aff'd*, 27 F.4th 1155 (6th Cir. 2022), *cert. denied*, 143 S. Ct. 305 (2022), 143 S. Ct. 606 (2023).

Final Jury Instructions, *United States v. McCabe*, No. 2:19-cr-00171, ECF No. 181 (E.D. Va. Oct. 12, 2021), *aff'd*, 103 F.4th 259, 280–81 (4th Cir. 2024), *cert. denied*, No. 24-5480 (Oct. 15, 2024)

O'Malley *et al.*, 2A Fed. Jury Prac. & Instr. § 16:11 (6th ed. 2024) (modified), *available at* Westlaw

**COURT'S INSTRUCTION NO. ____**

**KNOWINGLY WITH INTENT TO DEFRAUD—DEFINED
[GOVERNMENT]**

The third element of honest-services wire fraud is that the defendant participated in the scheme knowingly and with the intent to defraud.

An act is "knowingly" done if done voluntarily and intentionally and not because of mistake or some other innocent reason.

The defendant acts with "intent to defraud" if he acts knowingly and with the specific intent to deceive for the purpose of depriving the public and the government of their right to a public official's honest services. For example, the deceit may consist of the concealment of the things of value that the public official has solicited or received, or the public official's implicit false pretense to his government employer that the public official has not accepted things of value in return for official action.

Authority:

Final Jury Instructions, *United States v. Hills et al.*, No. 1:16-cr-329, ECF No. 360 at 100–101 (N.D. Ohio Oct. 1, 2018), *aff'd*, 27 F.4th 1155 (6th Cir. 2022), *cert. denied*, 143 S. Ct. 305 (2022), 143 S. Ct. 606 (2023).

Final Jury Instructions, *United States v. McCabe*, No. 2:19-cr-00171, ECF No. 181 (E.D. Va. Oct. 12, 2021), *aff'd*, 103 F.4th 259, 280–81 (4th Cir. 2024), *cert. denied*, No. 24-5480 (Oct. 15, 2024)

O'Malley *et al.*, 2A Fed. Jury Prac. & Instr. § 47:14 (6th ed. 2024) (modified), *available at* Westlaw

**COURT'S INSTRUCTION NO. \_\_\_\_**

**"TRANSMITS BY MEANS OF WIRE COMMUNICATION IN INTERSTATE COMMERCE"—DEFINED**

**[GOVERNMENT]**

The fourth element of honest-services wire fraud is use of a wire communication facility in interstate commerce. The government and the defendants have agreed, or stipulated, that the wire communications identified in Counts Five through Ten traveled in interstate commerce. Therefore, you must accept these stipulated facts as proved, as I will instruct you later.

If you are convinced that the government has proved all of the elements for any of Counts Five through Ten, say so by returning a guilty verdict on that charge. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of that charge.

Authority

Sixth Circuit Pattern Jury Instructions No. 7.21, 2.02, 10.02.

O'Malley *et al.*, 2A Fed. Jury Prac. & Instr. § 47:08 (6th ed. 2024) (modified), *available at* Westlaw

**COURT'S INSTRUCTION NO. \_\_\_\_**

**COUNTS FIVE THROUGH TEN: HONEST SERVICES WIRE FRAUD**
**18 U.S.C. §§ 1343, 1346**
**DEFENDANT CASADA**

**[DEFENSE]**

Counts 5 through 10 of the Indictment charge Defendant Casada with honest services wire fraud. Defendant Casada can be found guilty of honest services wire fraud only if the prosecution proves all of the following elements beyond a reasonable doubt:

1) First, that Defendant Casada was acting in his capacity as an elected representative of the Tennessee General Assembly in connection with the events alleged in the Indictment;

2) Second, Defendant Casada owed a fiduciary duty to the citizens of the State of Tennessee;

3) Third, Defendant Casada, aided and abetted by Defendant Cothren, knowingly devised a scheme or plan to defraud the citizens of the State of Tennessee of their right to the honest services of Defendant Casada by accepting bribery and kickbacks;[66]

4) Fourth, the scheme or plan to defraud by Defendant Casada and Defendant Cothren consisted of a *quid pro quo*.  The *quid pro quo* was a bribery or kickback agreement made in advance, with:

   A) the specific intent of Defendant Cothren to make monetary payments to Defendant Casada in exchange for a future official act of Defendant Casada; and

   B) the specific intent of Defendant Casada to *perform* an official act in exchange for the monetary payments from Defendant Cothren.

---

[66] Source for elements # 3, 5, 6, 7: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Sections 10.01, 10.02, 18 U.S.C. §§ 1341, 1343

5) Fifth, the scheme included a misrepresentation or concealment of a fact[67] by Defendant Casada;

6) Sixth, the misrepresentation or concealment of a fact was material;[68]

7) Seventh, Defendant Casada had a duty to disclose the fact that was concealed;

8) Eighth, Defendant Casada had the intent to defraud the citizens of the State of Tennessee of the right to Defendant Casada's honest services; and

9) Ninth, Defendant Casada transmitted or caused to be transmitted the following wire communications in interstate commerce and in furtherance of the scheme:

| Count | Approximate Date | Description |
|---|---|---|
| 5 | January 15, 2020 | Email from matthew@powerofphoenix.com to the Tennessee House Majority Caucus Advisor containing a PDF of an Internal Revenue Service Form W-9 signed by "Matthew Phoenix." |
| 6 | January 24, 2020 | Email from Individual 4 to House Speaker's Acting Chief of Staff reading: "Don't crush her, but [the Director of Legislation has] been telling this vendor that the check's on the way for about two weeks. It's guys from [Consulting Firm 1] who did mail two years ago that left and started their own gig . . . tired of doing the DC/Trump stuff. Thanks" |
| 7 | February 5, 2020 | Apple iMessage from **CASADA** to Individual 4 reading: "wanted to know if we needed to meet with [the Director of Legislation] to try and push reimbursement along." |
| 8 | February 10, 2020 | Apple iMessage from Individual 4 to **COTHREN** reading: "Went by mailbox early this morning and no$. Have appt tomorrow at 5 with [the Director of Legislation]. She'd best have some answers." |
| 9 | February 11, 2020 | Apple iMessage from **CASADA** to Individual 4 reading: "Just curious what did you find out from [the Director of Legislation] today?" |

[67] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Sections 10.01, 10.02; 18 U.S.C. §§ 1341, 1343

[68] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Sections 10.01, 10.02, 18 U.S.C. §§ 1341, 1343; *United States v. Casada et al.*, U.S. Supplemental Brief, Doc. 94, PageID 479.

| 10 | June 22, 2020 | Email from Individual 4 to the Director of Legislation reading: "[the Director of Legislation], I was cc'd on this last week . . . . . It would be either illegal or unethical to move to print without knowing payment was coming, so the bulk print number is provided on the invoice. Simpler, asking a firm to be liable for the cost with the printing completed before knowing payment may or may not be approved is suspect. Is there something going on?" |
| --- | --- | --- |

If you are convinced that the prosecution has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find Defendant Casada not guilty of this charge.

The terms used in 18 U.S.C. §§ 1343, 1346 have the following meanings:

1) The parties agree that Defendant Casada was an elected representative of the Tennessee General Assembly during the period alleged in the Indictment. The prosecution's position is that Defendant Casada was acting as an authorized agent of the State of Tennessee in connection with the events alleged in the Indictment. Defendants disagree. It is for you to decide in which capacity Defendant Casada was acting in connection with the events alleged in the Indictment.

2) Generally, a fiduciary duty is one that exists between two persons when one of them is under a duty to act for or give advice for the benefit of another upon matters within the scope of the relationship.[69]

3) The fiduciary duty in this context arises under federal law. The fiduciary duty in this context does not arise under state law, which means violations of the Tennessee

---

[69] Source: Restatement (Second) of Torts § 874, Comment *a.*

Constitution, the Tennessee House ethics code, or the oath of office administered by state officials do not amount to honest services fraud.[70]

4) It was permissible under Tennessee state law for Defendant Casada to own and operate a private consulting company and provide certain services, including the services at issue in this case, to members of the Tennessee General Assembly.[71]

5) When he was acting in his capacity as a public official, Defendant Casada owed a fiduciary duty to the citizens of the State of Tennessee to provide honest services in connection with his official duties, which means only that a public official cannot accept bribes or kickbacks in exchange for official acts.[72]

6) Ordinary marketplace business transactions conducted at arm's length do not create a fiduciary relationship.[73]

7) A "scheme to defraud" means a plan or course of action by which a public official intends to deprive the citizens of the State of Tennessee of the right of honest services by means of false or fraudulent pretenses, representations, or promises.[74]

8) The term "false or fraudulent pretenses, representations, or promises" means a false statement or assertion that concerns a material aspect of the matter in question, that was either known to be untrue when made or made with reckless indifference to their truth.

---

[70] Source: *United States v. Casada et al.*, U.S. Resp. Defs. Mot. Limine, Doc. 278, PageID 1873.
[71] *See* Tenn. Code Ann. §§ 2-10-122(1) (2012), 2-10-123 (2014).
[72] Source: *Skilling v. United States*, 561 U.S. at 407 n. 41.
[73] *See, e.g., EBC I, Inc. v. Goldman, Sachs & Co.*, 832 N.E.2d 26, 31 (N.Y. Ct. App. 2005).
[74] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 10.02 (Wire Fraud (18 U.S.C. § 1343), (2)(A)).

This includes actual, direct false statements as well as half-truths and the knowing concealment of material facts.[75]

9) The terms "misrepresentation or concealment" means any false statements or assertions that concern a material fact of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.[76]

10) "Concealment" means where one says nothing but has a duty to speak.[77]

11) A misrepresentation or concealment is "material" in this context if it:

A) has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension;[78] and

B) the misrepresentation goes to an essential element of the bargain.[79]

12) A misrepresentation or omission amounting to deceit is only insufficient even if it causes another person to enter into a transaction that they would otherwise avoid. Rather, the misrepresentation or omission must be coupled with a duty to disclose the information and contemplated harm to the person that affects the very nature of the bargain itself, such as not receiving what they expected or paid for, or receiving something of different quality or value because of the misrepresentation or omission. The misrepresentation or omission must be capable of affecting the person's understanding of the bargain and influencing

---

[75] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 10.02 (Wire Fraud (18 U.S.C. § 1343), (2)(B)).

[76] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 10.03A.

[77] Source: *United States v. Maddux*, 917 F.3d 437, 443-444 (6th Cir. 2019) (quoting *United States v. Kurlemann*, 736 F.3d 439, 445, 446 (6th Cir. 2013) and citing, *inter alia*, *Pasquantino v. United States*, 544 U.S. 349, 357 (2005) and *United States v. Perry*, 757 F.3d 166, 176 (4th Cir. 2014)).

[78] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 10.01(2).

[79] Source: *United States v. Bolos*, 104 F.4th 562, 570 (6th Cir. 2024)

83

their assessment of the value of the bargain. When the person receives exactly what they paid for, there is no fraud even if the person made the purchase because of the misrepresentation or omission.[80]

13) An act is "knowingly" done if done voluntarily and not because of mistake or some other innocent reason.[81]

14) To act with "intent to defraud" means to make material misrepresentations with the intent to deprive and for the purpose of injuring the State of Tennessee.[82] The prosecution must prove that defendants contemplated some actual harm or injury to the State of Tennessee

---

[80] Sources: *United States v. Sadler*, 750 F.3d 585, 590 (6th Cir. 2014); *United States v. Bolos*, 104 F.4th 562, 570 (6th Cir. 2024); *United States v. Milheiser*, 98 F.4th 935, 940 (9th Cir. 2024) (holding the district court's refusal to give the instruction set forth above was reversible error); Petition for Writ of Certiorari, *Kousisis v. United States*, Case No. 23-909 (Feb. 20, 2024), at pp. 21-22 ("The Second Circuit now uses the 'essential element of the bargain' to capture the intended economic harm that characterizes property fraud: even if the victim would have avoided a transaction had it known the truth, a deceptive scheme is not property fraud if 'the alleged victims received exactly what they paid for.'" (citing *United States v. Shellef*, 507 F.3d 82, 102 (2d Cir. 2007))). Four other circuits align with the Second in rejecting the fraudulent inducement theory. *See United States v. Sadler*, 750 F.3d 585 (6th Cir. 2014) (Sutton, J.) ("paying the going rate for a product does not square with the conventional understanding of 'deprive'"); *United States v. Bruchhausen*, 977 F.2d 464 (9th Cir. 1992); *United States v. Takhalov*, 827 F.3d 1307, 1310 (11th Cir. 2016); *United States v. Guertin*, 67 F.4th 445, 451 (D.C. Cir. 2023) (employee's lies that induce employer to pay salary but "do not deprive the employer of the benefit of its bargain," do not defraud employer of money paid).

[81] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 10.01, 10.02, 18 U.S.C. §§ 1341, 1343.

[82] Sources: *Kelly v. United States,* 590 U.S. 391, 393 (2020) ("The Government charged the responsible officials under the federal statutes prohibiting wire fraud and fraud on a federally funded program or entity. *See* 18 U. S. C. §§1343, 666(a)(1)(A). Both those laws target fraudulent schemes for obtaining property. *See* §1343 (barring fraudulent schemes 'for obtaining money or property'); §666(a)(1)(A) (making it a crime to 'obtain[ ] by fraud . . . property')"); *United States v. Sadler*, 750 F.3d 585, 590 (6th Cir. 2014) (wire fraud case in which Sixth Circuit recognized that to be guilty of fraud, an offender's "purpose must be to injure…[which is] a common-law root of the federal fraud statutes[.]"); *see also United States v. Riley*, 621 F.3d 312, 327-28 (3d Cir. 2010) (analyzing fraud under §§ 666(a)(1), 1341, and 1346 and noting pivotal distinction between former two statutes and the latter is whether the object of the fraud is the deprivation of money (1341) or property (666 and 1341) or honest services (1346)).

by material misrepresentations.[83]  Only a showing of intended harm will satisfy the element of fraudulent intent.[84]

15) Puffing, exaggerated enthusiasm, and high-pressure salesmanship do not constitute fraud, provided they simply magnify an opinion of the advantages of a product without falsely asserting the existence of qualities the product does not possess.[85]

16) The "intangible right of honest services" means the right to have public officials make decisions without being influenced by bribes or kickbacks received or promised in exchange for an official act.[86]

17) A "bribe" or a "kickback" is a payment made or promised corruptly, that is, with the intent to receive an official act in return for the payment.[87]

18) It is not a violation of federal law for a public official to engage in undisclosed self-dealing.[88]  Undisclosed self-dealing is the taking of official action by a public official that furthers his own undisclosed financial interest while purporting to act in the interests of those to whom he owes a fiduciary duty.[89]

---

[83] Source: *United States v. Daniel*, 329 F.3d 480, 488 (2003) (quoting *United States v. Starr*, 816 F.2d 94, 98 (2d Cir. 1987)) ("'Although the government is not required to prove actual injury, it must, at a minimum, prove that defendants contemplated some actual harm or injury to their victims. Only a showing of intended harm will satisfy the element of fraudulent intent.'"). In § 666 cases centering on program fraud, the Sixth Circuit has cited cases arising under other fraud statutes, such as 18 U.S.C. §§ 1341 (mail fraud) and 1343 (wire fraud). *See United States v. Washington*, 715 F.3d 975, 979 6th Cir. 2013).

[84] Source: *United States v. Daniel*, 329 F.3d 480, 488 (2003) (quoting *United States v. Starr*, 816 F.2d 94, 98 (2d Cir. 1987)).

[85] Sources: *United States v. Amlani*, 111 F.3d 705, 718 (9th Cir. 1997); Fourth Circuit Pattern Jury Instructions (18 U.S.C. 1341), p. 255.

[86] Source: *Skilling v. United States*, 561 U.S. 358, 368 (2010).

[87] Source: *McDonnell v. United States*, 579 U.S. 550, 562 (2016).

[88] Source: *Skilling v. United States,* 561 U.S. 358, 409 (2010).

[89] Source: Br. of United States, *Skilling v. United States,* at 08-1394 (2010), pp. 33-34.

19) It is not a violation of federal law for a public official to engage in a transaction in which he may have had a conflict of interest.[90]  This statute does not authorize federal prosecutors to set standards of disclosure and good government for state officials.[91]

20) It is not a violation of federal law for public officials to accept gratuities or gifts for past actions – it is only a federal crime for public officials to agree to accept bribes promised or given before an official act.[92]

21) The prosecution must do two things to prove an "official act":[93]

   A) First, the prosecution must prove a question, matter, cause, suit, proceeding, or controversy that may at any time be pending or may by law be brought before a public official. This requires a proof of a formal exercise of governmental power that is similar in nature to a lawsuit before a court, a determination before an agency, or a hearing before a committee. It must also be something specific and focused that is pending or may by law be brought before a public official; and

   B) Second, the prosecution must prove that the public official made a decision or took an action on that question, matter, cause, suit, proceeding, or controversy that may at any time be pending or may by law be brought before a public official. That decision or action may include using his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that such advice will form the basis for an official act by another official.

---

[90] Source: *Skilling v. United States,* 561 U.S. 358, 409 (2010).
[91] Source: *Kelly v. United States*, 590 U.S. 391, 399 (2020).
[92] Source: *United States v. Snyder*, 603 U.S. 1, 10 (2024) ("Section 666(a)(1)(B) makes it a crime for state and local officials to 'corruptly' accept a payment 'intending to be influenced or rewarded' for an official act.") (abrogating, *e.g*., *United States v. Abbey*, 560 F.3d 513 (6th Cir. 2009)).
[93] Source: *McDonnell v. United States*, 579 U.S. 550, 554 (2016).

Setting up a meeting, talking to another official, or organizing an event or agreeing to do so, without more, does not count as an "official" decision or action on that matter.

22) Examples of official actions include: a judge's ruling in a case, a government agency making certain rulings, or a state legislator voting in a committee or on legislation. Administrative functions of government, such as processing or making payments, are not official acts.

23) To "cause" wire communications to be used is to do an act with knowledge that the use of the communications will follow in the ordinary course of business or where such use can reasonably be foreseen.[94]

24) The term "interstate commerce" includes wire, radio, or television communications which crossed a state line.[95]

---

[94] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 10.02 (Wire Fraud (18 U.S.C. § 1343), (2)(F)).

[95] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 10.02 (Wire Fraud (18 U.S.C. § 1343), (2)(G)).

**COURT'S INSTRUCTION NO. \_\_\_\_**

**COUNTS FIVE THROUGH TEN:**
**AIDING AND ABETTING[96]  HONEST SERVICES WIRE FRAUD**
**18 U.S.C. §§ 1343, 1346**
**DEFENDANT COTHREN**

**[DEFENSE]**

1) For you to find Defendant Cothren guilty of Honest Services Wire Fraud under 18 U.S.C. §§ 1343, 1346 ("Honest Services Wire Fraud"), it is not necessary for you to find that he personally committed the crime. You may also find him guilty if he intentionally helped someone else—here, Defendant Casada—to commit the crime. A person who does this is called an aider and abettor.

2) But for you to find Defendant Cothren guilty of Honest Services Wire Fraud under 18 U.S.C. §§ 1343, 1346, as an aider and abettor, you must be convinced that the prosecution has proved each and every one of the following elements beyond a reasonable doubt:

   A) First, that Defendant Casada committed the crime of Honest Services Wire Fraud.

   B) Second, that Defendant Cothren helped Defendant Casada to commit that crime.

   C) Third, Defendant Cothren intended to help Defendant Casada commit that crime.

3) Proof that Defendant Cothren may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the prosecution has proved that he was an aider and abettor, but without more it is not enough. What the prosecution must prove is that Defendant Cothren did something to help the crime with the intent that the crime be committed.

---

[96] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 4.01 (Aiding and Abetting).

If you are convinced that the prosecution has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find Defendant Cothren not guilty of this charge.

**COURT'S INSTRUCTION NO. ____**

**FRAUD – GOOD FAITH DEFENSE[97]**

**[DEFENSE]**

1) The good faith of the defendant is a complete defense to the following charges contained in Counts 1-10 of the Indictment because good faith on the part of the defendant is, simply, inconsistent with an intent to defraud:

    A) Count 1: Conspiracy (18 U.S.C. § 371) to Commit: (i) Theft Concerning Programs Receiving Federal Funds (18 U.S.C. § 666(a)(1)(A) and 2); (ii) Bribery and Kickbacks Concerning Programs Receiving Federal Funds (18 U.S.C. § 666(a)(1)(B) and 2); (iv) Bribery and Kickbacks Concerning Programs Receiving Federal Funds (18 U.S.C. § 666(a)(2) and 2); and (iv) Honest-Services Wire Fraud (18 U.S.C. §§ 1333, 1346);

    B) Count 2: Theft Concerning Programs Receiving Federal Funds (18 U.S.C. § 666(a)(1)(A) and 2);

    C) Count 3: Bribery and Kickbacks Concerning Programs Receiving Federal Funds (18 U.S.C. § 666(a)(1)(B) and 2);

    D) Count 4: Bribery and Kickbacks Concerning Programs Receiving Federal Funds (18 U.S.C. § 666(a)(2) and 2); and

    E) Counts 5-10: Honest-Services Wire Fraud (18 U.S.C. §§ 1343, 1346).

2) A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be

---

[97] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 10.04 (Fraud – Good Faith Defense).

inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

3) A defendant does not act in good faith if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes **materially**[98] false or fraudulent pretenses, representations, or promises to others.

4) While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

5) The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the prosecution's burden to prove to you, beyond a reasonable doubt, that the defendant acted with an intent to defraud.

6) If the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted with an intent to defraud or in good faith, you must acquit the defendant.[99]

---

[98] *United States v. Maddux*, 917 F.3d 437, 443 (6th Cir. 2019).
[99] The good faith instruction should be given if there is any evidence at all to support the charge. *United States v. McGuire*, 744 F.2d 1197, 1201 (6th Cir. 1984) (quoting *United States v. Curry*, 681 F.2d 406, 416 (5th Cir. 1982)).

**COURT'S INSTRUCTION NO. \_\_\_\_**

**COUNT ELEVEN: USE OF A FICTITIOUS NAME TO CARRY OUT A FRAUD**

**[GOVERNMENT]**

(1) Count Eleven of the indictment charges the defendants with using a fictitious name to carry out a fraud. For you to find the defendants guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) Defendant Cothren used or assumed, or requested to be addressed by, any fictitious, false, or assumed name or a name other than his own proper name.

(B) Defendant Cothren did so for the purpose of conducting, promoting, and carrying on by means of the United States Postal Service an unlawful business, that is, the fraudulent operation of Phoenix Solutions.

(2) If you are convinced that the government has proved all of the elements for Counts Eleven, say so by returning a guilty verdict on that charge. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of that charge.

<u>Authority</u>

18 U.S.C. § 1342

*United States v. Rajwani*, 476 F.3d 243, 245 (5th Cir. 2007)

**COURT'S INSTRUCTION NO. \_\_\_\_**

**COUNT ELEVEN: USE OF A FICTITIOUS NAME TO CARRY OUT A FRAUD[100]**
**18 U.S.C. § 1342**
**DEFENDANT COTHREN**

**[DEFENSE]**

Count 11 of the Indictment charges Defendant Cothren with using a fictitious name in

conducting, promoting and carrying on by means of the United States Postal Service an unlawful

business, that is, the fraudulent operation of Phoenix Solutions ("Use of a Fictitious Name to

Carry Out a Fraud"). Defendant Cothren can be found guilty of Use of a Fictitious Name to

Carry Out a Fraud only if the prosecution proves all of the following elements beyond a

reasonable doubt:

1) First, that Defendant Cothren used a fictitious, false, or assumed name other than his own
   proper name;

2) Second, that Defendant Cothren used a fictitious, false, or assumed name other than his
   own proper name for the purpose of conducting, promoting, and carrying on by means of
   the United States Postal Service an unlawful business: Phoenix Solutions;

3) Third, that Phoenix Solutions was an unlawful business; and

4) Fourth, that Defendant Cothren delivered or caused to be delivered by mail any matter or
   thing whatever for the purpose of conducting, promoting, and carrying on an unlawful
   business.

If you are convinced that the prosecution has proved all of these elements, say so by

returning a guilty verdict on this charge.   If you have a reasonable doubt about any one of these

---

[100] Source: Ruschky & Shealy, Pattern Jury Instructions for Federal Criminal Cases, District of
South Carolina, p. 260 (2024 Online Edition).

elements, then you must find Defendant Cothren not guilty of this charge.

Now I will give you more detailed instructions on some of these terms.

1) To "cause" the mail to be used is to do an act with knowledge that the use of the mail will follow in the ordinary course of business or where such use can reasonably be foreseen.[101]

2) To convict Defendant Cothren under this count, you must find that Defendant Cothren used a fictitious name, that he used the fictitious name to carry on a business: Phoenix Solutions, and that Phoenix Solutions was an unlawful business.

3) In this context, an "unlawful business" is one that serves no lawful purpose. Unlawful businesses are those that exclusively engage in illegal activity. Examples include drug dealing operations, prostitution rings, human trafficking syndicates, and terrorist organizations.[102]

4) You have heard testimony and seen evidence that a Form W-9 with the name "Matthew Phoenix" was submitted to the State of Tennessee on behalf of Phoenix Solutions. The prosecution alleges that Defendant Cothren submitted the Form W-9 under the fictitious name of "Matthew Phoenix."   While you may consider this evidence in this case, this fact alone, if proven, is insufficient to convict Defendant Cothren on this Count.

---

[101]  Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 10.01 (Mail Fraud).
[102]  *See, e.g., Ross v. United States*, 103 F.2d 600, 601-602 (9th Cir. 1939) (unlawful business charged in the indictment was distribution by mailing of obscene, indecent, filthy, and lascivious writings and pictures).

94

**COURT'S INSTRUCTION NO. _____**

**COUNT ELEVEN: AIDING AND ABETTING USE OF A FICTITIOUS NAME TO CARRY OUT A FRAUD[103]**
**18 U.S.C. § 1342**
**DEFENDANT CASADA**

**[DEFENSE]**

1) For you to find Defendant Casada guilty of using a fictitious name in conducting, promoting, and carrying on by means of the United States Postal Service an unlawful business, that is, the fraudulent operation of Phoenix Solutions under 18 U.S.C. § 1342 ("Use of a Fictitious Name to Carry Out a Fraud") it is not necessary for you to find that he personally committed the crime. You may also find him guilty if he intentionally helped someone else—here, Defendant Cothren—to commit the crime. A person who does this is called an aider and abettor.

2) But for you to find Defendant Casada guilty of Use of a Fictitious Name to Carry Out a Fraud under 18 U.S.C. § 1342 as an aider and abettor, you must be convinced that the prosecution has proved each and every one of the following elements beyond a reasonable doubt:

    A. First, Defendant Cothren committed the crime of Use of a Fictitious Name to Carry Out a Fraud;

    B. Second, that Defendant Casada helped Defendant Cothren to commit that crime; and

    C. Third, Defendant Casada intended to help Defendant Cothren commit that crime.

---

[103] Source: Ruschky & Shealy, Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina, p. 260 (2024 Online Edition).

3) Proof that Defendant Casada may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the prosecution has proved that he was an aider and abettor, but without more it is not enough. What the prosecution must prove is that Defendant Casada did something to help the crime with the intent that the crime be committed.

If you are convinced that the prosecution has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find Defendant Casada not guilty of this charge.

**COURT'S INSTRUCTION NO. \_\_\_\_**

**COUNT TWELVE: CONSPIRACY TO COMMIT MONEY LAUNDERING**

**[GOVERNMENT]**

(1) Count Twelve of the indictment charges the defendants with a conspiracy to commit the crime of money laundering in violation of federal law. In Count Twelve, the defendants are charged with a conspiracy to commit two money laundering offenses:

(A) Concealment money laundering; and

(B) Spending money laundering;

I will define these offenses later in my instructions.

It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

(2) As I instructed you earlier, a conspiracy is a kind of criminal partnership. For you to find the defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

(A) First, that two or more persons conspired, or agreed, to commit the crime of money laundering. My earlier instructions regarding a criminal agreement also apply here.

(B) Second, that the defendant knowingly and voluntarily joined the conspiracy. My earlier instructions regarding a defendant's connection to the conspiracy also apply here.

(3) Unlike the conspiracy charged in Count One, the government does not need to prove that any conspirator took an overt act in furtherance of the conspiracy charged in Count Twelve.

(4) You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendant guilty of the conspiracy charge.

97

<u>Authority</u>

Sixth Circuit Pattern Jury Instruction No. 2.02, 3.01A, 3.02, 3.03

*Whitfield v. United States*, 543 U.S. 209 (2005) (holding that money laundering conspiracy under Title 18, United States Code, Section 1956(h) does not require an overt act).

**COURT'S INSTRUCTION NO. \_\_\_\_**

**COUNT TWELVE: MONEY LAUNDERING CONSPIRACY
18 U.S.C. § 1956(h)[104]**

**[DEFENSE]**

1) Count Twelve of the Indictment accuses the Defendants of a conspiracy to commit the following crimes in violation of federal law: (1) Money Laundering under 18 U.S.C. § 1956(a)(1)(B); and (2) Money Laundering under 18 U.S.C. § 1957.

2) A conspiracy is a kind of criminal partnership. It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal. The criminal act that the conspiring persons agree to commit is the "object" of the conspiracy. A conspiracy can have more than one object. When a count alleges more than one object of the conspiracy, the prosecution need prove only one object beyond a reasonable doubt. Count Twelve alleges a conspiracy having multiple objects.

3) For you to find either of the Defendants guilty of the conspiracy charge in Count Twelve, the prosecution must prove each and every one of the following elements beyond a reasonable doubt:

   A) First, that two or more persons conspired, or agreed, to commit one or more of the following crimes:

      i.   Money Laundering under 18 U.S.C. § 1956(a)(1)(B); and

      ii.  Money Laundering under 18 U.S.C. § 1957.

   B) Second, that the Defendants knew of the conspiracy and its criminal objects; and

---

[104] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 3.01A.

99

C) Third, that the Defendants joined the conspiracy with the intent that at least one of the conspirators engage in conduct that satisfies all of the elements of one or more of the following criminal objects:

      i.    Money Laundering under 18 U.S.C. § 1956(a)(1)(B); and

     ii.    Money Laundering under 18 U.S.C. § 1957.

4) An act is done "knowingly" if it is done voluntarily and intentionally, and not because of mistake or some other innocent reason.[105]

5) Because the Defendants are charged with a conspiracy to commit multiple crimes, you must unanimously decide which, if any, crime the Defendants conspired to commit.[106]

6) You must be convinced that the prosecution has proved all of these elements beyond a reasonable doubt in order to find the Defendants guilty on Count Twelve.[107]

---

[105] Source: *United States v. Toh*, Case No. 3:22-cr-292, Final Jury Instructions, p. 17.

[106] *United States v. Tragas*, 727 F.3d 610, 616 (6th Cir. 2013) ("where a defendant is charged in a single count with a conspiracy to commit multiple crimes, the jury must unanimously decide which crime the defendant conspired to commit."); *United States v. Tahir*, No. 15-20351, 2016 WL 795884, at *4 (E.D. Mich. Feb. 29, 2016) (noting that courts can take "additional steps…through jury instructions and a special verdict form, to ensure unanimity among the jury as to the object or objects of the conspiracy."); *United States v. Vernon*, 723 F.3d 1234, 1263 (11th Cir. 2013); ("When an indictment alleges a conspiracy with multiple object offenses, the jury must unanimously agree on a specific object offense.").

[107] Source: *United States v. Toh*, Case No. 3:22-cr-292, Final Jury Instructions, p. 17.

**COURT'S INSTRUCTION NO. \_\_\_\_**

**AGREEMENT[108]**

**[DEFENSE]**

1) With regard to the first element of Count Twelve—a criminal agreement—the prosecution must prove that two or more persons conspired, or agreed, to cooperate with each other to commit at least one criminal object.

2) As to the first criminal object under Count Twelve, the prosecution must prove all of the elements set forth in Counts 13, 14, 15, 16, 17, or 18 beyond a reasonable doubt. As to the second criminal object under Count Twelve, the prosecution must prove all of the elements set forth in Counts 19 or 20 beyond a reasonable doubt.

3) The prosecution is not required to prove any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the prosecution has proved an agreement. But without more they are not enough.

4) To obtain a conspiracy conviction, what the prosecution must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to achieve at least one of the objects alleged in Count Twelve.   This is essential.

5) An agreement can be proved indirectly, by facts and circumstances which lead to a

---

[108] Sources: 6th Cir. PJI 3.02; United States v. Toh, Case No. 3:22-cr-292, Final Jury Instructions, p. 24.

conclusion that an agreement existed. But it is up to the prosecution to convince you that such facts and circumstances existed in this particular case.

6) One more point about the agreement. The Indictment accuses the Defendants of conspiring to commit several federal crimes. The prosecution does not have to prove that the defendants agreed to commit all these crimes. But the prosecution must prove an agreement to commit at least one of them for you to return a guilty verdict on the conspiracy charge in Count Twelve.

**COURT'S INSTRUCTION NO. \_\_\_\_**

**CONNECTION TO THE CONSPIRACY[109]**

**[DEFENSE]**

1) Proof of conspiracy does not require that a Defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a Defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough. You must consider each defendant separately in this regard.

2) But proof that a Defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a Defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the prosecution has proved that a Defendant joined a conspiracy. But without more they are not enough.

3) A Defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew of the conspiracy and its objects. But it is up to the prosecution to convince you that such facts and circumstances existed in this particular case.

---

[109] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 3.03.

If you are convinced that the prosecution has proved all of these elements of conspiracy under Count Twelve, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendants not guilty of this charge.

**COURT'S INSTRUCTION NO. \_\_\_\_**

**COUNTS THIRTEEN THROUGH EIGHTEEN: CONCEALMENT MONEY LAUNDERING**

**[GOVERNMENT]**

(1) Counts Thirteen through Eighteen of the indictment charge the defendants with conducting a financial transaction in violation of federal law. For you to find the defendants guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, that the defendant conducted a financial transaction.

(B) Second, that the financial transaction involved property that represented the proceeds of federal programs fraud, as charged in Count Two, federal programs bribery, as charged in Counts Three and Four, or honest services wire fraud, as charged in Counts Five through Ten.

(C) Third, that the defendant knew that the property involved in the financial transaction represented the proceeds from some form of unlawful activity.

(D) Fourth, that the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of federal programs fraud, federal programs bribery, or honest services wire fraud.

(2) Now I will give you more detailed instructions on some of these terms.

(A) The term "financial transaction" means either of the following:

1. A transaction which in any way or degree affects interstate or foreign commerce, (i) involving the movement of funds by wire or other means or (ii) involving one or more monetary instruments.

105

a. The term "monetary instruments" means currency of the United States, personal checks, or bank checks; or

2. A transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree. The government and the defendants have agreed, or stipulated that, during the relevant period, SunTrust Bank and First Horizon Bank were engaged in interstate commerce and their activities affected interstate commerce. Therefore, you must accept these stipulated facts as proved, as I will instruct again later.

(B) The word "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

(C) The word "proceeds" means any property derived from, obtained, or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

(D) The phrase "knew that the property involved in a financial transaction represents the proceeds of some form of unlawful activity" means that the defendant knew the funds involved in the transaction represented the proceeds of some form, though not necessarily which form, of activity that constitutes a felony under state or federal law. The government does not have to prove the defendant knew the property involved represented proceeds of a felony as long as he knew the property involved represented proceeds of some form of unlawful activity.

(3) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these

elements, then you must find the defendant not guilty of this charge.

<u>Authority</u>

6th Cir. Pattern Jury Instruction 11.02

18 U.S.C. § 1956

**COURT'S INSTRUCTION NO. \_\_\_\_**

**COUNTS THIRTEEN THROUGH EIGHTEEN: TRANSACTIONS CHARGED**

**[GOVERNMENT]**

As to the first element of concealment money laundering, Counts Thirteen through Eighteen charge the following financial transactions:

| Count | Approximate Date | Description | Amount |
|-------|------------------|-------------|--------|
| 13 | March 5, 2020 | Deposit into Right Way Consulting, SunTrust Bank Account x4447, check 000629428 issued by State of Tennessee | $3,817.92 |
| 14 | March 7, 2020 | Deposit into Rivers' Edge Alliance, SunTrust Bank Account x0738, check 0006300449 issued by State of Tennessee | $10,969.12 |
| 15 | March 9, 2020 | Deposit into Right Way Consulting, SunTrust Bank Account x4447, check 0006311468 issued by State of Tennessee | $1,512.81 |
| 16 | April 1, 2020 | Deposit into Right Way Consulting, SunTrust Bank Account x4447, check 0006338058 issued by State of Tennessee | $2,202.23 |
| 17 | April 1, 2020 | Deposit into Right Way Consulting, SunTrust Bank Account x4447, check 000633492 issued by State of Tennessee | $1,909.15 |
| 18 | May 18, 2020 | Deposit into Right Way Consulting, SunTrust Bank Account x4447, check 0006395901 issued by State of Tennessee | $2,996.99 |

108

**COURT'S INSTRUCTION NO. \_\_\_\_**

**COUNTS THIRTEEN THROUGH EIGHTEEN: MONEY LAUNDERING[110]**
**18 U.S.C. §§ 1956(a)(1)(B)(i), 2**

**[DEFENSE]**

1) Counts 13-18 of the Indictment charge Defendants Casada and Cothren with conducting six financial transactions in violation of federal law. Defendants can be found guilty of this crime only if the prosecution proves all of the following elements beyond a reasonable doubt for each of these six Counts:

    A) First, that Defendants conducted the financial transactions listed in Counts 13, 14, 15, 16, 17, and 18 of the Indictment:

| Count | Approximate Date | Description | Amount |
|-------|------------------|-------------|--------|
| 13 | March 5, 2020 | Deposit into Right Way Consulting, SunTrust Bank Account x4447, check 000629428 issued by the State of Tennessee | $3,817.92 |
| 14 | March 7, 2020 | Deposit into Rivers Edge Alliance, SunTrust Bank Account x0738, check 0006300449 issued by the State of Tennessee | $10,969.12 |
| 15 | March 9, 2020 | Deposit into Right Way Consulting, SunTrust Bank Account x4447, check 0006311468 issued by the State of Tennessee | $1,512.81 |
| 16 | April 1, 2020 | Deposit into Right Way Consulting, SunTrust Bank Account x4447, check 0006338058 issued by the State of Tennessee | $2,202.23 |
| 17 | April 1, 2020 | Deposit into Right Way Consulting, SunTrust Bank Account x4447, check 000633492 issued by the | $1,909.15 |

---

[110] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 11.02.

109

| | | State of Tennessee | |
| --- | --- | --- | --- |
| 18 | May 18, 2020 | Deposit into Right Way Consulting, SunTrust Bank Account x4447, check 0006395901 issued by the State of Tennessee | $2,996.99 |

B) Second, that the financial transaction(s) involved property that represented the proceeds of Federal Programs Theft and Bribery, in violation of 18 U.S.C. § 666, and Honest Services Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 1346.

C) Third, that Defendants knew that the property involved in the financial transaction(s) represented the proceeds from some form of unlawful activity.

D) Fourth, that Defendants knew that the transaction(s) was or were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of Federal Programs Theft and Bribery, in violation of 18 U.S.C. § 666, and Honest Services Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 1346.

2) Now I will give you more detailed instructions on some of these terms.

A) The term "financial transaction" means a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

B) The term "financial institution" means any financial institution, as defined in 31 U.S.C. § 5312(a)(2) or the regulations promulgated thereunder.

C) Under 31 U.S.C. § 5312(a)(2), the term "financial institution" includes an insured bank (as defined in section 3(h) of the Federal Deposit Insurance Act (12 U.S.C. § 1813(h))).

D) The word "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

E) The word "proceeds" means any property obtained directly or indirectly through some form of unlawful activity, including the gross receipts of such activity.

F) The phrase "knew that the property involved in a financial transaction represents the proceeds of some form of unlawful activity" means that the defendant knew the funds involved in the transaction represented the proceeds of Federal Programs Theft and Bribery, in violation of 18 U.S.C. § 666, and Honest Services Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 1346.

G) The term "designed" means that the purpose of the transaction was concealment. It is not enough for the prosecution to prove that a transaction had a concealing effect. Nor is it enough that the transaction was structured to conceal the nature of the illicit funds. Concealment, even deliberate concealment for some other purpose, is not enough to convict. [111]

3) If you are convinced that the prosecution has proved all of these elements beyond a reasonable doubt, say so by returning a guilty verdict on this charge.

---

[111] Source: *United States v. Faulkenberry*, 614 F.3d 573, 586 (6th Cir. 2010); *see also Cuellar v. United States*, 553 U.S. 550, 566 (2008) ("'There is a difference between concealing something to transport it, and transporting something to conceal it[.]'") (quoting *United States v. Cueller*, 478 F.3d 282, 296-97 (5th Cir. 2007) (Smith, J., dissenting); "that is, *how* one moves the money is distinct from *why* one moves the money. Evidence of the former, standing alone, is not sufficient to prove the latter.").

4) If you have a reasonable doubt about any one of these elements, then you cannot find Defendants Casada and Cothren guilty of Money Laundering under 18 U.S.C. §§ 1956(a)(1)(B)(i), 2.

**COURT'S INSTRUCTION NO. ____**

**COUNTS NINETEEN AND TWENTY: SPENDING MONEY LAUNDERING**

**[GOVERNMENT]**

(1) Counts Nineteen and Twenty of the indictment charge the defendants with engaging in a monetary transaction in violation of federal law.   For you to find the defendants guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, that the defendant knowingly engaged in a monetary transaction.

(B) Second, that the monetary transaction was in property derived from specified unlawful activity.

(C) Third, that the property had a value greater than $10,000.

(D) Fourth, that the defendant knew that the transaction was in criminally derived property.

(E) Fifth, that the monetary transaction took place within the United States.

(2) Now I will give you more detailed instructions on some of these terms.

(A) The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution.

(B) The term "specified unlawful activity" means federal programs theft, as charged in Count Two, federal programs bribery, as charged in Counts Three and Four, or honest services wire fraud, as charged in Counts Five through Ten.

(C) The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense.

113

(3) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.   If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

<u>Authority</u>

6th Cir. Pattern Jury Instruction 11.06

18 U.S.C. § 1957

**COURT'S INSTRUCTION NO. \_\_\_\_**

**COUNTS NINETEEN AND TWENTY: TRANSACTIONS CHARGED**

**[GOVERNMENT]**

As to the first element of spending money laundering, Counts Nineteen and Twenty charge

the following financial transactions:

| Count | Approximate Date | Description | Amount |
|---|---|---|---|
| 19 | March 8, 2020 | Check Transfer from Company 1, Financial Institution 2 Account x0738, to Phoenix Solutions, Financial Institution 1 Account x3886. | $10,969.12 |
| 20 | September 10, 2020 | Check Transfer from Phoenix Solutions, Financial Institution 1 Account x3886, to Company 1, Financial Institution 2 Account x0738. | $12,003.16 |

Authority

Sixth Circuit Pattern Jury Instruction No. 2.02, 11.01

115

**COURT'S INSTRUCTION NO. \_\_\_\_**

**COUNTS NINETEEN AND TWENTY: MONEY LAUNDERING
18 U.S.C. §§ 1957, 2[112]**

**[DEFENSE]**

1) Counts 19 and 20 of the Indictment charge Defendants Casada and Cothren with engaging in a monetary transaction in violation of federal law. Defendants can be found guilty of this crime only if the prosecution proves all of the following elements beyond a reasonable doubt for each of these Counts:

   A) First, that Defendants knowingly engaged in the monetary transaction(s) listed in Counts 19 and 20 of the Indictment:

| Count | Approximate Date | Description | Amount |
|-------|------------------|-------------|--------|
| 19 | March 8, 2020 | Check Transfer from Rivers Edge Alliance, SunTrust Bank Account x0738, to Phoenix Solutions, First Horizon Bank Account x 3886 | $10,969.12 |
| 20 | September 10, 2020 | Check Transfer from Phoenix Solutions, First Horizon Bank Account x3886, to Rivers Edge Alliance, SunTrust Bank Account x0738 | $12,003.16 |

   B) Second, that the financial transactions listed in Counts 19 and 20 of the indictment involved property that represented the proceeds of Federal Programs Theft and Bribery, in violation of 18 U.S.C. § 666, and Honest Services Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 1346.

---

[112] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 11.06.

C)  Third, that the property had a value greater than $10,000.

D)  Fourth, that Defendants knew that the transaction(s) was or were in criminally derived property.

E)  Fifth, that the monetary transaction(s) took place within the United States.

2)  Now I will give you more detailed instructions on some of these terms.

A)  The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument (as defined in section 1956(c)(5) of this title) by, through, or to a financial institution (as defined in section 1956 of this title), including any transaction that would be a financial transaction under section 1956(c)(4)(B) of this title, but such term does not include any transaction necessary to preserve a person's right to representation as guaranteed by the sixth amendment to the Constitution.

B)  The term "specified unlawful activity" means Federal Programs Theft and Bribery, in violation of 18 U.S.C. § 666, and Honest Services Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 1346.

C)  The term "criminally deprived property means any property constituting, or derived from, proceeds obtained from a criminal offense.

3)  If you are convinced that the prosecution has proved all of these elements beyond a reasonable doubt, say so by returning a guilty verdict on this charge.

4)  If you have a reasonable doubt about any one of these elements, then you cannot find Defendants Casada and Cothren guilty of this charge.

**COURT'S INSTRUCTION NO. \_\_\_\_**

**AIDING AND ABETTING**

**[GOVERNMENT]**

(1) For you to find a defendant guilty of any of the non-conspiracy counts in the indictment—which are Counts Two through Eleven and Counts Thirteen through Twenty—it is not necessary for you to find that he personally committed the crime charged.     You may also find him guilty if he intentionally helped or encouraged someone else to commit the crime.     A person who does this is called an aider and abettor.

(2) But for you to find either defendant guilty of Counts Two through Eleven and Counts Thirteen through Twenty, as an aider and abettor, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, that the crime charged in Counts Two through Eleven and Counts Thirteen through Twenty was committed.

(B) Second, that the defendant helped to commit the crime or encouraged someone else to commit the crime.

(C) And third, that the defendant intended to help commit or encourage the crime.

(3) Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty.     You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

(4) What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

(5) If you are convinced that the government has proved all of these elements, say so by

returning a guilty verdict on the relevant charge.    If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty as an aider and abettor.

<u>Authority</u>

Sixth Circuit Pattern Jury Instruction 4.01

Final Jury Instructions, *United States v. Hills et al.*, No. 1:16-cr-329, ECF No. 360 at 62–63 (N.D. Ohio Oct. 1, 2018), *aff'd*, 27 F.4th 1155 (6th Cir. 2022), *cert. denied*, 143 S. Ct. 305 (2022), 143 S. Ct. 606 (2023).

**[THE FOLLOWING INSTRUCTIONS TO BE GIVEN AS APPROPRIATE BASED ON EVIDENCE AT TRIAL]**

**COURT'S INSTRUCTION NO. _____**

**ON OR ABOUT**

**[GOVERNMENT]**

(1) Next, I want to say a word about the dates mentioned in the indictment.

(2) The indictment alleges that the crimes charged happened "on or about" or "in or about" the dates listed in those counts.   The government does not have to prove that the crime happened on those exact dates.   But the government must prove that the crime happened reasonably close to those dates.

<u>Authority</u>

Sixth Circuit Pattern Jury Instruction No. 2.04

**COURT'S INSTRUCTION NO. _____**

**INFERRING REQUIRED MENTAL STATE**

**[GOVERNMENT]**

(1) Next, I want to explain something about proving a defendant's state of mind.

(2) Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3) But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4) You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

Authority

Sixth Circuit Pattern Jury Instruction No. 2.08

**COURT'S INSTRUCTION NO. \_\_\_\_**

**USE OF THE WORD "AND" IN THE INDICTMENT**

**[GOVERNMENT]**

Although the indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged.   Of course, this must be proved beyond a reasonable doubt.

<u>Authority</u>

Sixth Circuit Pattern Jury Instruction No. 2.12

**COURT'S INSTRUCTION NO. \_\_\_\_**

**DEFENSE THEORY**[113]

**[DEFENSE]**

That concludes the part of my instructions explaining the elements of the crimes. Next I will explain the defendant's position.

[Defense theory]

Next, I will explain some rules that you must use in considering some of the testimony and evidence.

Authority

Sixth Circuit Pattern Jury Instruction 7.01

---

[113] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 6.01.

**COURT'S INSTRUCTION NO. _____**

**DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE**

(1) A defendant has an absolute right not to testify [or present evidence].    The fact that he did not testify [or present any evidence] cannot be considered by you in any way.    Do not even discuss it in your deliberations.

(2) Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt.    It is not up to the defendant to prove that he is innocent.


Authority

Sixth Circuit Pattern Jury Instruction 7.02A


[OR]

**COURT'S INSTRUCTION NO. _____**

**DEFENDANT'S TESTIMONY**

(1) You have heard the defendant testify.    Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.    And I suggested some things for you to consider in evaluating each witness's testimony.

(2) You should consider those same things in evaluating the defendant's testimony.


Authority

Sixth Circuit Pattern Jury Instruction 7.02B

**COURT'S INSTRUCTION NO. \_\_\_\_**

**WITNESS OTHER THAN THE DEFENDANT INVOKING THE FIFTH AMENDMENT[114]**

1)      You have heard _____ [witness name] exercise his right under the Fifth Amendment to the United States Constitution to refuse to answer questions because the testimony might tend to incriminate him.

2)      You must not infer anything at all, for or against either the government or the defendant, because the witness did not answer.

---

[114] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 7.02C.

**COURT'S INSTRUCTION NO. ____**

**OPINION TESTIMONY**

(1) You have heard the testimony of _____, who testified as an opinion witness.

(2) You do not have to accept _____'s opinion.   In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions.   Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

(3) Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

<u>Authority</u>

Sixth Circuit Pattern Jury Instruction 7.03

**COURT'S INSTRUCTION NO. \_\_\_\_**

**WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS**

(1) You have heard the testimony of _____, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

(2) As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

(3) As to the testimony on opinions, you do not have to accept _____'s opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

(4) Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

Authority

Sixth Circuit Pattern Jury Instruction 7.03A

**COURT'S INSTRUCTION NO. ____**

**IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT NOT UNDER OATH**

(1) You have heard the testimony of _____.    You have also heard that before this trial he made a statement that may be different from his testimony here in court.

(2) This earlier statement was brought to your attention only to help you decide how believable his testimony was.    You cannot use it as proof of anything else.    You can only use it as one way of evaluating his testimony here in court.

<u>Authority</u>

Sixth Circuit Pattern Jury Instruction 7.04

**COURT'S INSTRUCTION NO. \_\_\_\_**

**TESTIMONY OF A WITNESS UNDER GRANT OF IMMUNITY OR REDUCED CRIMINAL LIABILITY[115]**

1) You have heard the testimony of Robin Smith and _____. You have also heard that the government has promised that under circumstances, the government will ask for a reduced sentence in exchange for her cooperation.

2) It is permissible for the government to make such a promise. But you should consider Ms. Smith's [and _____] testimony with more caution than the testimony of other witnesses. Consider whether her testimony may have been influenced by the government's promise.

3) Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe her testimony beyond a reasonable doubt.

---

[115] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 7.07.

**COURT'S INSTRUCTION NO. _____**

**TESTIMONY OF AN ACCOMPLICE**[116]

1) You have heard the testimony of Robin Smith. You have also heard that she was involved in the same crime that the defendants are charged with committing. You should consider Robin Smith's testimony with more caution than the testimony of other witnesses.

2) Do not convict the defendants based on the unsupported testimony of such a witness, standing alone, unless you believe her testimony beyond a reasonable doubt.

3) The fact that Robin Smith has pleaded guilty to a crime is not evidence that the Defendants are guilty, and you cannot consider this against the defendants in any way.

---

[116] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 7.08.

**COURT'S INSTRUCTION NO. ____**

**CHARACTER AND REPUTATION OF DEFENDANT[117]**

You have heard testimony about the defendant's good character. You should consider this testimony, along with all the other evidence, in deciding if the government has proved beyond a reasonable doubt that he committed the crime charged.

---

[117] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 7.09.

**COURT'S INSTRUCTION NO. \_\_\_\_**

**SUMMARIES AND OTHER MATERIALS NOT ADMITTED IN EVIDENCE[118]**

During the trial you have seen counsel use [summaries, charts, drawings, calculations, or similar material] which were offered to assist in the presentation and understanding of the evidence. This material is not itself evidence and must not be considered as proof of any facts.

---

[118] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 7.12.

**COURT'S INSTRUCTION NO. \_\_\_\_**

**SECONDARY-EVIDENCE SUMMARIES ADMITTED IN EVIDENCE[119]**

1) During the trial you have seen or heard summary evidence in the form of [a chart, drawing, calculation, testimony, or similar material].  This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

2) But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

---

[119] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 7.12.

**COURT'S INSTRUCTION NO. ____**

**OTHER ACTS OF THE DEFENDANT**

(1) You have heard testimony that the defendants committed crimes, acts, or wrongs other than the ones charged in the indictment.   If you find a defendant did those crimes, acts, or wrongs, you can consider the evidence only as it relates to the government's claim on the defendant's intent, motive, opportunity, plan, or identity.   You must not consider it for any other purpose.

(2) Remember that the defendants are on trial here only for the crimes charged, not for the other acts.   Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

<u>Authority</u>

Sixth Circuit Pattern Jury Instruction 7.13

**COURT'S INSTRUCTION NO. ____**

**FALSE EXCULPATORY STATEMENTS**

**[GOVERNMENT]**

(1) You have heard evidence that after the crime was supposed to have been committed, each defendant denied certain conduct alleged in the indictment.

(2) If you believe that the defendant falsely denied that conduct, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that he committed the crime charged. This conduct may indicate that he thought he was guilty and was trying to avoid punishment. On the other hand, sometimes an innocent person may deny a true fact for some other reason. The defendant has no obligation to prove that he had an innocent reason for his conduct.

<u>Authority</u>

Sixth Circuit Pattern Jury Instruction 7.14

**COURT'S INSTRUCTION NO. ____**

**TRANSCRIPTS**

(1) You have heard some recorded conversations that were received in evidence, and you were given some written transcripts of the recordings.

(2) Keep in mind that the transcripts are not evidence.   They were given to you only as a guide to help you follow what was being said.   The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read.   And if you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

<u>Authority</u>

Sixth Circuit Pattern Jury Instruction 7.17

**COURT'S INSTRUCTION NO. _____**

**SEPARATE CONSIDERATION—EVIDENCE ADMITTED AGAINST CERTAIN DEFENDANTS ONLY[120]**

1) You have heard testimony from _____ that _____.

2) You can only consider this testimony against _____ in deciding whether the government has proved him guilty. You cannot consider it in any way against any of the other defendants.

---

[120] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 7.18.

**COURT'S INSTRUCTION NO. \_\_\_\_**

**JUDICIAL NOTICE[121]**

I have decided to accept as proved the fact that _____, even though no evidence was presented on this point. You may accept this fact as true, but you are not required to do so.

---

[121] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 7.19.

**COURT'S INSTRUCTION NO. ____**

**STATEMENT BY DEFENDANT[122]**

1)      You have heard evidence that the defendant, _____, made a statement in which the government claims he admitted certain facts. It is for you to decide whether the defendant made that statement, and if so, how much weight it deserves. In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant allegedly made it.

2)      You may not convict the defendant solely upon his own uncorroborated statement or admission.

---

[122] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 7.20.

**COURT'S INSTRUCTION NO. \_\_\_\_**

**STIPULATIONS**

The government and the defendant have agreed, or stipulated, to certain facts. Therefore, you must accept the following stipulated facts as proved:

    (1) The wire communications identified in each of Counts 5 through 10 traveled in interstate or foreign commerce.

    (2) During the relevant period, SunTrust Bank and First Horizon Bank were engaged in interstate commerce and their activities affected interstate commerce.

Authority

Sixth Circuit Pattern Jury Instruction 7.21

## COURT'S INSTRUCTION NO. \_\_\_\_

## INTRODUCTION[123]

1)      That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

2)      The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

3)      Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

4)      If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.

5)      One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

---

[123] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 8.01.

## COURT'S INSTRUCTION NO. _____

## EXPERIMENTS, RESEARCH, INVESTIGATION, AND OUTSIDE COMMUNICATIONS[124]

1) Remember that you must make your decision based only on the evidence that you saw and heard here in court. **No outside research, of any kind, is permitted.**

2) During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media or application [unless specifically instructed to do so by this court], such as a telephone, cell phone, smart phone, iPhone, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, LinkedIn, YouTube, Twitter, Instagram, WhatsApp, Snapchat or other similar electronic service, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

3) You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. Even using your smartphones, tablets, and

---

[124] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 8.02. Language in bold added by Defendants.

computers -- and the news and social media apps on those devices -- may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**COURT'S INSTRUCTION NO. \_\_\_\_**

**UNANIMOUS VERDICT[125]**

1) Your verdict, whether it is guilty or not guilty, must be unanimous as to each count and as to each Defendant.

2) To find a Defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

3) To find a Defendant not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

4) Either way, guilty or not guilty, your verdict must be unanimous as to each count and as to each Defendant.

---

[125] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 8.03.

**COURT'S INSTRUCTION NO. \_\_\_\_**

**DUTY TO DELIBERATE[126]**

1) Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

2) But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

3) No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

4) Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

---

[126] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 8.04.

**COURT'S INSTRUCTION NO. \_\_\_\_**

**PUNISHMENT[127]**

1) If you decide that the government has proved the defendants guilty, then it will be my job to decide what the appropriate punishment should be.

2) Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

3) Your job is to look at the evidence and decide if the government has proved the defendants guilty beyond a reasonable doubt.

---

[127] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 8.05.

**COURT'S INSTRUCTION NO. \_\_\_\_**

**VERDICT FORM[128]**

1) I have prepared a verdict form that you should use to record your verdict. The form reads as follows: _____.

2) If you decide that the government has proved a charge against the defendants beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

---

[128] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 8.06.

**COURT'S INSTRUCTION NO. \_\_\_\_**

**VERDICT LIMITED TO CHARGES AGAINST THESE DEFENDANTS[129]**

1) Remember that the defendants are only on trial for the particular crimes charged in the indictment.  Your job is limited to deciding whether the government has proved the crimes charged as to each Defendant.

2) Also remember that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved these defendants guilty. Do not let the possible guilt of others influence your decision in any way.

---

[129] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 8.08.

**COURT'S INSTRUCTION NO. ____**

**COURT HAS NO OPINION[130]**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

---

[130] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 8.09.

**COURT'S INSTRUCTION NO. \_\_\_\_**

**JUROR NOTES**[131]

1) Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

2) Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

---

[131] Source: Sixth Circuit Pattern Jury Instructions, 2024 Edition, Section 8.10.

Respectfully submitted,

**Sherwood Boutique Litigation, PLC**

/s/ Cynthia A. Sherwood
Cynthia A. Sherwood, #20911
Austin M. Correll, #39561
414 Union Street
Suite 1110
Nashville, TN 37219
T: 615-873-5670
F: 615-900-2312
cynthia@sherwoodlitigation.com
austin@sherwoodlitigation.com
*Counsel for Defendant Cade Cothren*

**Barnes & Thornburg LLP**

/s/ Joy Boyd Longnecker
Joy Boyd Longnecker, #29627
1600 West End Avenue
Suite 800
Nashville, TN 37203
T: 615-621-6012
joy.longnecker@btlaw.com
*Counsel for Defendant Cade Cothren*

**Spencer Fane LLP**

/s/ Jonathan P. Farmer
Edward M. Yarbrough
Jonathan P. Farmer
Steven C. Fann
511 Union Street
Suite 1000
Nashville, TN 37219
T: 615.238.6300
F: 615.238.6301
eyarbrough@spencerfane.com
jfarmer@spencerfane.com
cfann@spencerfane.com
*Counsel for Defendant Glen Casada*


ROBERT E. McGUIRE

151

Acting United States Attorney for the
Middle District of Tennessee

*/s/ Taylor Phillips*
TAYLOR PHILLIPS
Assistant United States Attorney
719 Church Street, Ste 3300
Nashville, Tennessee 37203
Telephone: 615-736-5151

*/s/ John P. Taddei*
JOHN P. TADDEI
Senior Litigation Counsel
BLAKE J. ELLISON
Trial Attorney
Public Integrity Section, Criminal Division
1301 New York Ave. NW, Tenth Floor
Washington, DC 20530
Telephone: 202-514-1412

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing motion was electronically filed with the Clerk on April 8, 2025, and service was made upon the following via CM/ECF and/or by email.

Edward M. Yarbrough
Jonathan P. Farmer
Steven C. Fann
Spencer Fane LLP
511 Union Street
Suite 1000
Nashville, TN 37219
eyarbrough@spencerfane.com
jfarmer@spencerfane.com
cfann@spencerfane.com

John P. Taddei
Blake J. Ellison
U.S. Department of Justice
Public Integrity Section
1301 New York Ave. NW
Ste 10th Floor
Washington, DC 20530
john.taddei@usdoj.gov
blake.ellison@usdoj.gov

Taylor J. Phillips
U.S. Attorney's Office
719 Church Street
Suite 3300
Nashville, TN 37203
taylor.phillips@usdoj.gov

W. David Bridgers
L. Wells Trompeter
Holland & Knight LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
david.bridgers@hklaw.com
wells.trompeter@hklaw.com

Ben M. Rose
RoseFirm, PLLC
Post Office Box 1108
Brentwood, Tennessee 37024
ben@rosefirm.com

/s/ Cynthia A. Sherwood