# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | **Case No. 3:22-CR-00282** |
| GLEN CASADA and | ) | **District Judge Eli J. Richardson** |
| CADE COTHREN | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CADE COTHREN'S MOTION FOR
## RELEASE PENDING APPEAL AND MEMORANDUM OF LAW IN SUPPORT

Defendant Cade Cothren, by and through undersigned counsel, hereby respectfully moves this Court for an Order granting him release pending appeal. As outlined below, Mr. Cothren's Motion should be granted because his appeal will raise substantial questions of law, and he has satisfied the remaining requirements under 18 U.S.C. § 3143(b).

## Discussion

When a defendant is found guilty of a federal offense and sentenced to a term of imprisonment, there is a rebuttable presumption that the defendant should begin serving that sentence, notwithstanding the filing of a notice of appeal. *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988). The governing statute provides in pertinent part:

> **(b) Release or detention pending appeal by the defendant.**
> **(1)** Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>> **(A)** by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title [18 USCS § 3142(b) or (c)]; and
>> **(B)** that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>>> **(i)** reversal,
>>> **(ii)** an order for a new trial,

> **(iii)** a sentence that does not include a term of imprisonment, or
>
> **(iv)** a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b).

The Sixth Circuit recently explained what a "substantial question" that is "likely to result in reversal" means in *United States v. Sittenfeld*, No. 23-3840, 2024 U.S. App. LEXIS 11817, at *3 (6th Cir. May 15, 2024) (attached as **Exhibit 1**). In *Sittenfeld*, the district court denied a defendant release pending appeal because it concluded that its decision was sound and unlikely to be reversed on appeal. *Id.* But the Sixth Circuit found that the statute's requirements are not that exacting:

> [S]ection 3143(b) does not require a court to think reversal is probable or likely. *See Pollard*, 778 F.2d at 1181-82. Rather, it must be likely that success on appeal, on the substantial question that the defendant raises, would result in reversal or a new trial. *Id.* at 1182. As to the substantial question, the appeal has to present "a close question or one that could go either way." *United States v. Sutherlin*, 84 F. App'x 630, 631 (6th Cir. 2003) (quoting *Pollard*, 778 F.2d at 1182).

*Id.* The First Circuit shares the same view. *See United States v. Tyler*, 324 F. Supp. 2d 69, 70 (D. Me. 2004) (citing *United States v. Bayko*, 774 F.2d 516, 521-22 (1st Cir. 1985)) (denying release but noting seven circuits agreed with the Eleventh Circuit's interpretation of the "substantial question" requirement of Section 3143 to mean that the appeal has to present a close question or one that could very well be decided the other way); *see also United States v. Giancola*, 754 F.2d 898 901 (11th Cir. 1985). "In *United States v. Bayko*, the First Circuit pointed out that the literal language of § 3143(b)(1)(B)(iv) would present a classic 'Catch 22,' as the district court would be required to conclude its own ruling is likely to be reversed and, if the court had concluded it was likely making the wrong decision, it would have made the right one." *Id.* at 70 (citing *Bayko*, 774 F.2d at 521-22 (1st Cir. 1985)).

On May 16, 2025, this Court found that Mr. Cothren was not likely to flee and did not pose a danger to the safety of any other person or the community and ordered that Mr. Cothren be released pending sentencing. On September 16, 2025, at Mr. Cothren's sentencing hearing, this Court made

the same finding and allowed Mr. Cothren to self-report at a later date. The government deferred to Mr. Cothren's counsel to make the requisite showing, and this Court's ruling, under § 3143(b)(1)(A), so presumably the facts that Mr. Cothren is not likely to flee and is not a danger are not in dispute.

With respect to the first clause of § 3143(b)(1)(B), Mr. Cothren's appeal is not for the purpose of delay. Mr. Cothren has consistently challenged the government's legal theories and the underlying charges, most recently in his Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29 (Dkt. No. 368) and Motion for New Trial Pursuant to Federal Rule of Criminal Procedure 33(a) ("Motion for New Trial") (Dkt. No. 377). This Court has acknowledged and grappled with the complexity and novelty of the legal issues in this case on multiple occasions, and Mr. Cothren's forthcoming appeal is the next step in his campaign to dismantle the charges in his case.

As for the latter clause of § 3143(b)(1)(B), Mr. Cothren's case presents myriad, close substantial questions of law that could go either way on appeal and would require reversal if Mr. Cothren is successful. One question is whether the government proved any "official act," which is critical for convictions under Counts 5-10 (honest services wire fraud). *See* Motion for New Trial, Dkt. No. 377 at 11-18. If Mr. Cothren's honest services arguments carry the day on appeal, Counts 1 and 5-19 would be reversed because all the other counts are dependent on the existence of some unlawful act (here, honest services wire fraud). *See id.* at 18-20. Likewise, if the question of whether Mr. Cothren engaged in a bribery or kickback scheme, which is critical to honest services wire fraud, is resolved in his favor, Counts 1 and 5-19 would be reversed. If the question of whether Mr. Cothren used a fictious name for the purpose of conducting an "unlawful business" is resolved in his favor, Count 11 would be reversed. *See id.* at 20. If the question of whether the government proved "concealment" is resolved in his favor, the related money laundering convictions (Counts 13-18) would be reversed. *See id.* at 20-22. If the foregoing questions and/or any of the additional issues related to legal errors are resolved

in his favor, they likely would not be harmless and would probably require remand for a new trial, new sentencing, or outright dismissal. *See id.* at 23-46.

This Court acknowledged during the sentencing hearing that Mr. Cothren's case had "substantial question[s] of law" that could result in reversal of one or more counts of conviction. Mr. Cothren's Rule 29 motion (Dkt. No. 368) has already prompted this Court to resolve one of those substantial questions in Mr. Cothren's favor. *See* Order, Dkt. No. 420. While ruling on the balance of Mr. Cothren's Rule 29 motion, this Court recognized that the proof at trial and nature of the charges present close questions – questions that could be (and have been, in cases like *Skilling v. United States*, 561 U.S. 358 (2010) and its progeny) viewed and decided very differently on appeal. That being the case, this Court should grant Mr. Cothren's request to remain on release pending the resolution of his appeal.

## Conclusion

For all of the above reasons, Mr. Cothren respectfully requests this Court to grant him release pending appeal.

Respectfully Submitted,

**Sherwood Boutique Litigation, PLC**

*/s/ Cynthia A. Sherwood*
Cynthia A. Sherwood, #20911
Austin M. Correll, #39561
414 Union Street
Suite 1110
Nashville, TN 37219
T: 615-873-5670
F: 615-900-2312
cynthia@sherwoodlitigation.com
austin@sherwoodlitigation.com
*Counsel for Defendant Cade Cothren*

**Barnes & Thornburg LLP**

*/s/ Joy Boyd Longnecker*
Joy Boyd Longnecker, #29627
1600 West End Avenue
Suite 800
Nashville, TN 37203
T: 615-621-6012
joy.longnecker@btlaw.com
*Counsel for Defendant Cade Cothren*


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing motion was electronically filed with the

Clerk on October 7, 2025, and service was made upon the following via CM/ECF and/or by email.

Edward M. Yarbrough
Jonathan P. Farmer
Steven C. Fann
Spencer Fane LLP
511 Union Street
Suite 1000
Nashville, TN 37219
eyarbrough@spencerfane.com
jfarmer@spencerfane.com
cfann@spencerfane.com

John P. Taddei
Blake J. Ellison
U.S. Department of Justice
Public Integrity Section
1301 New York Ave. NW
Ste 10th Floor
Washington, DC 20530
john.taddei@usdoj.gov
blake.ellison@usdoj.gov

Taylor J. Phillips
U.S. Attorney's Office
719 Church Street
Suite 3300
Nashville, TN 37203
taylor.phillips@usdoj.gov

W. David Bridgers
L. Wells Trompeter
Holland & Knight LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
david.bridgers@hklaw.com
wells.trompeter@hklaw.com

Ben M. Rose
RoseFirm, PLLC
Post Office Box 1108
Brentwood, Tennessee 37024
ben@rosefirm.com

*/s/ Joy Boyd Longnecker*
Joy Boyd Longnecker